OPINION *Page 2 
{¶ 1} Appellant, Kevin Slater, appeals the judgment of the Stark County Court of Common Pleas, revoking his community control and imposing his sentence.
 STATEMENT OF FACTS AND CASE {¶ 2} Appellant was indicted by the Stark County Grand Jury for one count of Cocaine possession a violation of R.C. 2925.11(A)(C)(4)(a), a fifth degree felony.
 {¶ 3} On July 31, 2006, appellant pleaded guilty to one count of possession of cocaine in violation of R.C. 2925.11(A)(C)(4)(a), a fifth degree felony. Sentencing was deferred pending a pre-sentence investigation.
 {¶ 4} On September 1, 2006, appellant appeared for sentencing. Appellant was sentenced to a two (2) year term of community control sanctions and was notified that a violation of the community control conditions would result in a prison term of eleven (11) months. Appellant was further notified that a post release control of three (3) years could be imposed.
 {¶ 5} On November 9, 2006, Diana Murphy, a parole officer of the trial court, filed a motion to revoke community control or modify the court's prior community control order. On November 22, 2006, the trial court modified appellant's community control sanctions to continue in accordance with the original order and to include the additional condition, "That this defendant shall successfully complete the inpatient program at the Wilson House." Appellant entered Wilson House on December 20, 2006.
 {¶ 6} On March 14, 2007, Diana Murphy filed a second motion to revoke community control or modify the conditions of community control. In the motion, Ms. Murphy alleged that appellant had violated the terms of community control for failure to *Page 3 
successfully complete the Wilson House program, a Quest inpatient program for men. On March 16, 2007, appellant waived his probable cause hearing and the matter was scheduled for an evidentiary hearing.
 {¶ 7} On March 21, 2007, the trial court conducted an evidentiary hearing on the motion. Diana Murphy testified on behalf of the State. During her testimony Ms. Murphy stated that appellant was notified by Wilson House that he was being terminated from the program. She further stated that upon notification he was placed into custody.
 {¶ 8} Maydean Yates, an employee of Quest Recovery and Prevention Services and director of Wilson House, testified that her duties and responsibilities include overseeing programs and handling administrative matters at the facility. Ms. Yates testified that appellant entered the program on December 20, 2006. Ms. Yates testified that the appellant was not progressing in treatment and failed to complete assignments. At first, appellant was friendly and was doing some of the homework assignments, but couldn't see that the homework assignments had any applicability to him. He indicated he would put in his time at Wilson House to please his probation officer.
 {¶ 9} Ms. Yates further testified that the appellant failed to seek outside community support through 12 Steps, a requirement of the program designed to develop healthy contacts in the local community.
 {¶ 10} Ms. Yates testified that appellant had only reached phase one of a three phase program after being a client for eighty days.[1] She further testified that, while it was not uncommon to still be in phase one at 80 days, a person usually transitions to phase two between 80 and 85 days, but appellant was not about to progress to phase two. Then, toward the end of February 2007, appellant started to become negative, *Page 4 
became late for meetings, glamorized drug usage and was just a negative influence on others. Some of this change in behavior occurred after appellant was told that there might be a problem with him returning to his previous housing when he completed Wilson House. Ms. Yates testified that on March 10, 2007, the appellant left the facility on a pass with someone that was not an approved person. Ms. Yates testified that these concerns led to contacting Diana Murphy and informing her that appellant was not progressing in the program and had violated program guidelines. Ms. Yates further contacted her supervisors to discuss terminating appellant from the program. (Transcript of Proceedings at page 43, hereinafter T.) Ms. Yates testified that in her opinion he was not appropriate for the program. T.27. At the time of the hearing, appellant's case at Wilson House was closed as "unsuccessful". T.32. Appellant had been arrested on March 13, 2007, at the Wilson House.
 {¶ 11} On March 28, 2007, by judgment entry, the trial court revoked appellant's community control sanctions and imposed sentence. It is from this judgment that appellant now seeks to appeal, setting forth the following assignment of error:
 {¶ 12} "THE TRIAL COURT'S FINDING THAT THE DEFENDANT VIOLATED THE TERMS OF HIS PROBATION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE BECAUSE THE DEFENDANT WAS ARRESTED BEFORE ANY VIOLATION OCCURRED."
 {¶ 13} In his assignment of error, appellant argues that the trial court abused its discretion in finding that appellant violated the terms of community control. We disagree.
 {¶ 14} "The privilege of probation rests upon the probationer's compliance with the probation conditions and any violation of those conditions may properly be used to *Page 5 
revoke the privilege."[2] State v. Ohly, 166 Ohio App.3d 808,2006-Ohio-2353, 853 N.E.2d 675, at paragraph 19, and quoting State v.Bell (1990), 66 Ohio App.3d 52, 57, 583 N.E.2d 414. "Because a community control revocation hearing is not a criminal trial, the State does not have to establish a violation with proof beyond a reasonable doubt."Wolfson, Lawrence App. No. 03CA25, 2004-Ohio-2750, at paragraph 7; see, also, State v. Payne, Warren App. No. CA2001-09-081, 2002-Ohio-1916;State v. Hylton (1991), 75 Ohio App.3d 778, 782, 600 N.E.2d 821. Instead, the state need only present "substantial" proof that a defendant willfully violated the community control conditions. SeeHylton, 75 Ohio App.3d at 782.
 {¶ 15} "The test ordinarily applied is highly deferential to the decision of the trial court and is akin to a preponderance of the evidence burden of proof. See State v. Alderson (Aug. 31, 1999), Meigs App. No. 98CA12, unreported. Accordingly, the court's conclusion must be sustained if there is competent credible evidence to support it.Id." State v. Hayes (Aug. 10, 2001), Wood App. No. WD-00-075. Additionally, the "[determination of the credibility of the witnesses is for the trier of fact." Ohly, at paragraph 19. See also, State v.Brank, Tuscarawas App. No. 2006AP090053, 2007-Ohio-919, State v.Zobel, Tuscarawas App. No. 2007AP01001, 2007-Ohio-36.
 {¶ 16} Once a trial court finds that a defendant violated community control conditions, it possesses discretion to revoke the defendant's community control. In that event, appellate courts should not reverse trial court decisions unless a court abused its discretion.Wolfson, at paragraph 8; State v. Umphries (July 9, 1998), Pickaway App. *Page 6 
No. 97CA45. Generally, an abuse of discretion connotes more than an error in law or judgment and implies that the court's attitude is unreasonable, arbitrary or unconscionable. See, e.g., State v.Bethel, 110 Ohio St.3d 416, 2006-Ohio-4853, 854 N.E.2d 150, at paragraph 95. See also, State v. Ritenour, Tuscarawas App. No. 2006AP010002,2006-Ohio-4744.
 {¶ 17} In this case, appellant failed to make progress in the Wilson House drug treatment program, failed to follow the programs guidelines and left the residential treatment center with an unapproved person. Furthermore, the program director contacted appellant's community control officer with the understanding that appellant was no longer welcome at Wilson House. Appellant had never actively been working through the program and then violated the rules. After 80 days in the program, he was not making enough progress to move to the next phase of the program.
 {¶ 18} We find that there was competent, credible evidence presented upon which the trial court could reasonably rely when it made its decision to terminate appellant's community control. Therefore, we further find that the trial court's decision was not an abuse of discretion. Accordingly, we hereby overrule appellant's assignment of error. *Page 7 
 {¶ 19} The judgment of the Stark County Court of Common Pleas is hereby affirmed.
 Edwards, J. Gwin, P.J. and Hoffman, J. concur *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] The program generally takes between ninety (90) and one hundred and twenty (120) days to complete.
[2] Prior case law governing probation revocations applies to the revocation of community control. State v. Wolfson, Lawrence App. No. 03CA25, 2004-Ohio-2750. *Page 1