[Cite as *State v. Filous*, 2017-Ohio-7203.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

STATE OF OHIO,                  :

                                :       Case No. 16CA16

    Plaintiff-Appellee,         :

                                :

    vs.                         :       DECISION AND JUDGMENT
                                :       ENTRY

NEIL E. FILOUS,                 :

                                :

    Defendant-Appellant.        :       **Released: 07/31/17**
_____

APPEARANCES:

Timothy Young, Ohio Public Defender, and Stephen P. Hardwick, Assistant
Ohio Public Defender, Columbus, Ohio, for Appellant.

Keller J. Blackburn, Athens County Prosecuting Attorney, and Merry M.
Saunders, Assistant Athens County Prosecuting Attorney, Athens, Ohio, for
Appellee.
_____

McFarland, J.

{¶1} Neil Filous appeals the judgment of the Athens County Court of Common Pleas finding he had violated the terms and conditions of his community control/judicial release and sentencing him to the time remaining on two concurrent twelve-month prison terms with a mandatory three-year term of post-release control, to be served consecutively to a prison term imposed in Cuyahoga County. On appeal, Appellant contends that the trial

court erred by imposing post-release control for a prison term imposed for a community control violation.

{¶2} We reject the arguments raised under Appellant's sole assignment of error as meritless. However, because we find that the trial court failed to properly notify Appellant of the correct term of post-release control when it sentenced him to prison for a community control violation, the imposition of post-release control is void. Further, because Appellant has already completed the prison term re-imposed as a result of his subsequent judicial release violation, the trial court has no jurisdiction to correct the error related to the improper imposition of post-release control. Accordingly, the judgment of the trial court is vacated to the extent it purported to impose either an optional or mandatory three-year term of post-release control. We additionally order Appellant discharged from further supervision by the Adult Parole Authority.

FACTS

{¶3} Appellant, Neil Filous, was indicted for two counts of domestic violence in violation of R.C. 2919.25, both third degree felonies. Appellant pleaded guilty to the charges and was originally sentenced to a five-year term of community control on September 24, 2012. The trial court orally advised Appellant at his sentencing hearing that if he violated his

community control, he would be sent to prison for twelve months.  The trial

court made no reference to post-release control during the original

sentencing hearing.  The initial judgment entry that was filed was followed

by a nunc pro tunc judgment entry stating Appellant would be sentenced to

two concurrent twelve-month prison terms and would be subject to an

optional three-year term of post-release control if he violated community

control.

{¶4} A notice of violation was filed on February 21, 2013.  A First

Stage Revocation Hearing was held at which Appellant admitted to the

violation.  The trial court terminated Appellant's community control and

imposed two twelve-month prison terms, to be served concurrently.  The

trial court made no reference to post-release control, and once again the

judgment entry that followed stated Appellant would be subject to an

optional three-year term of post-release control.  Approximately six months

later Appellant filed a motion for judicial release, which the trial court

granted.  There is no hearing transcript from the judicial release hearing in

the record; however, the journal entry ordering judicial release stated

Appellant was placed on five years of community control to be supervised

by the Adult Parole Authority and the court reserved the right to re-impose

the sentence that was reduced if Appellant violated the terms of his judicial

release/community control.  The entry also stated Appellant would be subject to an optional three-year term of post-release control if the court re-imposed the prison sentence.

{¶5} A notice of violation of judicial release/community control was filed on February 5, 2016.  Another First Stage Revocation Hearing was held on June 21, 2016.  A discussion was held between the court and counsel regarding the fact that Appellant had previously been sentenced to an optional three-year term of post-release control when he should have been sentenced to a mandatory three-year term of post-release control.  After deciding the mistake was a clerical error, the trial court proceeded to revoke Appellant's judicial release and re-impose the suspended prison sentence.  The trial court advised Appellant during the hearing that he would now be subject to a mandatory three-year term of post-release control.  Appellant was returned to prison for the balance of time remaining on his prison sentence, which was approximately two and half months.  At this time Appellant has completed his prison term and was released under the supervision of the Adult Parole Authority beginning on March 17, 2017 for a period of three years.  It is from the trial court's judgment entry revoking his judicial release, returning him to prison and subjecting him to three years of

mandatory post-release control that Appellant now brings his current appeal,

setting forth a single assignment of error for our review.

ASSIGNMENT OF ERROR

"I.      THE TRIAL COURT ERRED BY IMPOSING POSTRELEASE
CONTROL FOR A PRISON TERM IMPOSED FOR A
COMMUNITY CONTROL VIOLATION."

LEGAL ANALYSIS

{¶6} In his sole assignment of error, Appellant contends the trial court

erred by imposing post-release control for a prison term imposed for a

community control violation.  Appellant asserts that the issue presented for

review is whether a defendant who finishes a prison term for a community

control violation is subject to post-release control or community control.  The

State concedes this Court has consistently found that the sanction imposed for

a community control violation punishes the violation and not the underlying

crime.  The State further argues that because the prison term to be imposed for

such a violation must be within the range of prison terms available for the

offense for which the sanction that was violated was imposed, post-release

control is part of the actual sentence.

{¶7} For the following reasons, we reject Appellant's argument and

find his sole assignment of error to be without merit.  However, because we

find the trial court failed to properly impose post-release control when it

terminated Appellant's community control and sent him to prison the first time, and because Appellant has now completed his prison term, the post-release control portion of Appellant's sentence is void and the trial court has no jurisdiction to correct it. Accordingly, the decision of the trial court must be vacated with regard to the imposition of post-release control.

{¶8} "Generally, when reviewing felony sentences, we apply the standard of review set forth in R.C. 2953.08(G)(2)." *State v. Baker*, Athens No. 13CA18, 2014-Ohio-1967, ¶ 25. *See also State v. Brewer*, Meigs No. 14CA1, 2014-Ohio-1903, 11 N.E.3d 317, ¶ 33 ("we join the growing number of appellate districts that have abandoned the *Kalish* plurality's second-step abuse-of-discretion standard of review; when the General Assembly reenacted R.C. 2953.08(G)(2), it expressly stated that '[t]he appellate court's standard of review is not whether the sentencing court abused its discretion' ").

{¶9} Under R.C. 2953.08(G)(2), we may only modify or vacate a defendant's sentence if we find, clearly and convincingly, that (1) the record does not support the mandatory sentencing findings, or (2) that the sentence is "otherwise contrary to law." We recognize that this is an "extremely deferential standard of review." *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 21. Although *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, may not provide the standard of review framework for

reviewing felony sentences, it does provide guidance for determining whether a sentence is clearly and convincingly contrary to law. *See State v. Lee*, 12th Dist. Butler No. CA2012–09–182, 2013-Ohio-3404, ¶ 10. According to *Kalish*, a sentence is not clearly and convincingly contrary to law when the trial court considered the purposes and principles set forth in 2929.11, as well as the factors listed in R.C. 2929.12, properly applies post-release control, and sentences within the permissible statutory range. *Id.*; *see also State v. Kalish*, at ¶ 18.

{¶10} We initially note, with respect to Appellant's argument that a trial court cannot impose post-release control in connection with a prison term imposed after a community control violation, that the Tenth District Court of Appeals has rejected this exact argument in *State v. Nutt*, 10th Dist. Franklin No. 00AP-190, 2000 WL 1537898, *4. Although we have been unable to locate any other case that has considered this particular question, we reject the argument as well. Appellant bases his argument, in part, upon an idea that a trial court has no authority to end a defendant's community control, except for good behavior as provided for in R.C. 2929.15 (C). We believe this reasoning is flawed. Courts, including this District and the Supreme Court of Ohio, routinely reference the termination or revocation of community control. *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110,

821 N.E.2d 995; *State v. Wolfson*, 4th Dist. Lawrence No. 03CA25, 2004-Ohio-2750, ¶ 8 (trial court's decision to revoke community control may only be reversed if the court abused its discretion). In our view, when a trial court terminates or revokes a defendant's community control, it is implicit that the term of community control ends. Although R.C. 2929.15 does not specifically label the decision to impose a prison term for a community control violation as a termination or revocation of the community control, for all intents and purposes it is nevertheless ended. We believe this reasoning is further bolstered by the fact that when the trial court granted Appellant judicial release after it had imposed a prison term for a violation of Appellant's community control, which will be discussed more fully below, it was required, under the judicial release statute, to place Appellant on community control. R.C. 2929.20(K). If Appellant's community control continued when he was sent to prison, there would have been no reason for the trial court to have to affirmatively place him on community control after he was judicially released.

{¶11} Further, even if we were to accept Appellant's argument that community control continues even after it is "terminated" or "revoked" by a trial court when it imposes a prison sentence on an offender, this Court has held that "[c]ommunity control sanctions and post-release control are

separate statutory procedures." *State v. Leedy*, 4th Dist. Meigs Nos. 13CA7, 13CA8, 2015-Ohio-1718, ¶ 10.  In *Leedy*, which involved the trial court ordering a period of community control to be served consecutively to a prison term, we reasoned as follows:

> "While it is true individuals leaving prison may or may not be subject to post release control, community control sanctions are a distinct penalty the trial court imposes once an individual is found guilty of an offense. *See generally* R.C. 2929.15." *Id.*

As such, we "did not find that the trial court's sentence of five years of community control conflicts with the discretion of the Adult Parole Authority's to enforce post-prison conditions." *Id.*

{¶12} We additionally note that courts routinely reference defendants being placed on post-release control for prison terms imposed after community control violations, including this District. *See State v. Hart*, 4th Dist. Athens No. 13CA8, 2014-Ohio-3733, ¶ 4; *State v. Evans*, 4th Dist. Meigs No. 00CA003, 2000 WL 33538779, *5; *State v. Slater*, 5th Dist. Stark No. 2007-CA-00111, 2008-Ohio-439 (involving imposition of community control, revocation of community control and imposition of a prison term with post-release control); *State v. Cunningham*, 2nd Dist. Clark Nos. 2014-CA-99, 2014-CA-100, 2015-Ohio-2554 (involving a prison term with post-release control being imposed for a community control violation).  As such, and in the absence of any authority to the contrary, we find no error occurs

when a trial court imposes post-release control in connection with a prison term imposed after a community control violation. We now reject the argument raised under Appellant's sole assignment of error. Unfortunately, however, our analysis does not end here, as we sua sponte address another problem that rendered the trial court's imposition of post-release control void.

{¶13} As set forth above, Appellant was initially sentenced to a five-year term of community control after he pleaded guilty to two counts of domestic violence in violation of R.C. 2919.25(A), both third degree felonies. He was orally advised at his original sentencing hearing that the trial court would impose a twelve-month term of imprisonment in the event he violated his community control. The trial court did not specify whether it would impose a twelve-month term on each count, or whether the term(s) would run concurrently or consecutively, nor did it mention post-release control. However, the judgment entry filed by the court stated Appellant would be sentenced to an eighteen-month prison commitment as well as three years of optional post-release control in the event he violated his community control. A nunc pro tunc judgment entry was then filed stating all of the conditions in the prior entry were incorrect, and stating instead that Appellant would be sentenced to twelve-month concurrent terms of

imprisonment on each count and would be subject to an optional three-year term of post-release control in the event he violated his community control. No new hearing was held in conjunction with the issuance of this corrected entry.

{¶14} When Appellant subsequently violated the terms of his community control, the trial court terminated Appellant's community control and imposed two twelve-month prison terms, to be served concurrently. The trial court did not orally advise Appellant that he would be subject to a term of post-release control; however, the judgment entry that followed once again stated Appellant would be subject to an optional three-year term of post-release control. Another nunc pro tunc judgment entry followed, but made no changes pertinent herein.

{¶15} Approximately six months later, Appellant filed a motion for judicial release, which the trial court granted. There is no hearing transcript from the judicial release hearing contained in the record before us, but the journal entry ordering judicial release stated that the trial court placed Appellant on five years of community control under the Adult Parole Authority, reserved the right to re-impose the sentence that was reduced in the event of a subsequent violation, and stated Appellant was subject to an optional three-year term of post-release control. Thereafter, Appellant

violated the terms of his judicial release and community control, which he had been placed on when he was granted judicial release.

{¶16} At the hearing that was held on the second violation, a discussion was had on the record between the trial court and counsel regarding the fact that Appellant had previously been sentenced to an optional three-year term of post-release control, which should instead have been a mandatory term. It appears it was decided that the mistake was a clerical error. The trial court then revoked Appellant's judicial release, re-imposed the balance of the previously-suspended sentence and informed Appellant he was subject to three years of mandatory post-release control. According to the Ohio Department of Corrections webpage, Appellant was released from prison on March 17, 2017 and is currently being supervised by the Adult Parole Authority for a period of three years.[1]

{¶17} As such, this case presents us with a scenario where Appellant was initially sentenced to a term of community control, which is controlled by one statute, but then was sent to prison, granted judicial release and then returned to prison, which is controlled by another statute. Accordingly, a review of these pertinent statutes is necessary in order to explain why we

---

[1] *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 974 N.E.2d 516, ¶ 8, 10 (court can take judicial notice of judicial opinions and public records accessible from the internet).

have concluded the post-release control portion of Appellant's sentence is void, and why we do not reach the merits of Appellant's arguments.

{¶18} With regard to Appellant's original sentence of community control, R.C. 2929.19, which governs sentencing hearings, provides in section (A)(4) that when a court determines at a sentencing hearing that a community control sanction should be imposed, the court must do the following:

> "The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, *or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code.*" (Emphasis added).

R.C. 2929.15 governs community control sanctions and provides in section (B)(1) the penalties that may be imposed by the trial court in the event conditions of community control are violated, which include:

> "(a) A longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in division (A) of this section;
> (b) A more restrictive sanction under section 2929.16, 2929.17, or 2929.18 of the Revised Code;
> *(c) A prison term on the offender pursuant to section 2929.14 of the Revised Code.*" (Emphasis added).

R.C. 2929.15 further provides in section (B)(3) as follows:

"[t]he prison term, if any, imposed upon a violator pursuant to this division shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(2) of the section 2929.19 of the Revised Code."

{¶19} The Supreme Court of Ohio in *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, held at paragraph two of the syllabus that "[p]ursuant to R.C. 2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of the sentencing hearing, notify the offender of the *specific prison term* that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation." (Emphasis added). The Eighth District Court of Appeals has interpreted the holding in *Brooks* to mean that the trial court must only inform a defendant of the specific prison term at the original sentencing hearing, and is not required to give all of the other advisements, including advisements related to post-release control. *State v. Harris*, 8th Dist. Cuyahoga No. 89971, 2008-Ohio-2175, ¶ 7 (* * * there is no requirement that the court imposing community control sanctions must inform the defendant that if he is later sentenced to a term of imprisonment for a violation of the conditions of his sanctions, then post-release control may be

imposed. These contingencies are not part of the 'specific prison term' that can be imposed in the event of a future violation of the conditions of post-release control."); *State v. Oulhint*, 8th Dist. Cuyahoga No. 99296, 2013-Ohio-3250, ¶ 12 ("Absent from the above statutes [R.C. 2929.19 and R.C. 2929.15] is a requirement that a court that chooses to impose community control sanctions as an initial sentence must inform the offender of postrelease control. Such requirement applies, instead, when the trial court chooses at the original sentencing hearing to impose the sanction of a prison term."); citing R.C. 2967.28(B) and 2929.19(B)(3); *see also State v. Parker*, 5th Dist. Stark Nos. 2010CA00148, 2010CA00149, 2011-Ohio-595, ¶ 30. In light of the foregoing, despite the trial court's failure to mention post-release control at Appellant's original sentencing hearing in which the trial court imposed a community control sanction, which we would normally consider to be a post-release control notification error, we find no error.

{¶20} Here, we do find that an error occurred with regard to the imposition of post-release control at the time Appellant's community control was terminated and Appellant was sentenced to prison. In *State v. Fraley, supra,* at ¶ 17, the Supreme Court of Ohio reasoned that "[f]ollowing a community control violation, the trial court conducts a second sentencing hearing. At this second hearing, the court sentences the offender anew and

must comply with the relevant sentencing statutes."  The decision of the Supreme Court was split in this case, with Chief Justice Moyer dissenting based upon his belief "that community control-violation hearings are not sentencing hearings." *Id.* at ¶ 22.  The dissenting opinion went on to state that "[t]he application of these basic principles of felony sentencing in an R.C. 2929.15(B) hearing does not transform that proceeding into an R.C. 2929.19 sentencing hearing." *Id.* at ¶ 23.  Despite the disagreement, the majority opinion concluded that each new community control violation hearing in effect is a new sentencing hearing where the defendant is sentenced "anew." *Id*. at ¶ 17.

{¶21} The *Oulhint* Court has reasoned as follows with regard to the holding in *Fraley*:

> "We construe the holding of the Supreme Court in *Fraley* narrowly to mean that a trial court that fails to notify a defendant of the specific penalty he will face upon a violation of community control sanctions at the initial sentencing may 'cure' that failure at a subsequent violation hearing by then advising the defendant of the definite term of imprisonment that may be imposed upon any subsequent finding of violation.  We find nothing in the statute or *Fraley* that requires a legally adequate notification in the first instance be given over and over again." *Oulhint* at ¶ 19.

Applying the rationale of *Brooks*, in light of *Fraley*, *Harris* and *Oulhint*, it appears that the trial court did not err in failing to mention post-release control at Appellant's original sentencing hearing, as it was not part of the

"specific" prison term.  Further, it appears that when Appellant violated his community control and was brought before the trial court and sentenced to prison, that hearing was not actually a First Stage Revocation Hearing, as referred to by the trial court, but under *Fraley* was a second sentencing hearing in which Appellant was sentenced "anew" to two concurrent twelve-month terms of imprisonment.  Importantly, the trial court failed to mention post-release control at this second sentencing hearing as well.

{¶22} Although the judgment entry stated Appellant was to be subject to an optional three-year term of post-release control, the trial court did not notify Appellant of this fact on the record during the sentencing.  Under R.C. 2929.19(B)(2)(c) and (e), a trial court must notify certain felony offenders at the sentencing hearing that: 1.) the offender is subject to statutorily mandated post-release control; and 2.) the parole board may impose a prison term of up to one-half of the offender's originally-imposed prison term if the offender violates the post-release control conditions.  Not only is a trial court required to notify the offender about post-release control at the sentencing hearing, it is further required to incorporate that notice into its journal entry imposing sentence. However, the main focus of the post-release control sentencing statutes is on the notification itself and not on the sentencing entry. (Citations and quotations omitted.) *State v. Adkins*, 4th Dist. Lawrence

No. 13CA17, 2014-Ohio-3389, 2014 WL 3824030, ¶ 36. "When a trial court fails to provide the required notification at either the sentencing hearing or in the sentencing entry, that part of the sentence is void and must be set aside." (Emphasis sic.) *Id.* at ¶ 37; citing *State v. Fischer, supra,* at ¶¶ 27-29; *see also State v. Adams*, 4th Dist. Lawrence No. 15CA2, 2016-Ohio-7772, ¶ 87. " '[I]n most cases, the prison sanction is not void and therefore "only the offending portion of the sentence is subject to review and correction." ' " *Id.*; quoting *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 7; quoting *Fischer* at ¶ 27.

{¶23} Because the trial court failed to notify Appellant that he would be subject to post-release control at this second sentencing hearing where the trial court imposed a prison term and, in effect under *Fraley*, sentenced Appellant "anew," this failure constitutes a notification error resulting in the imposition of post-release control being void. We further note that because Appellant's underlying convictions were two 3rd degree felonies that were offenses of violence, and because the trial court was required to impose a sentence from the range for the underlying offense, he should have been subject to a mandatory three-year term of post-release control, not an optional three-year term. R.C. 2967.28(B)(3). *See State v. Nutt*, 10th Dist. Franklin No. 00AP-190, 2000 WL 1537898, *4 (reasoning that once a trial

court imposes a prison term, rather than a more restrictive community control sanction, post-release control was mandatory under R.C. 2967.28(B).)

{¶24} The trial court attempted to correct this error when Appellant's judicial release was revoked and he was returned to prison. The record reveals that during the hearing in which Appellant's judicial release was revoked, the trial court and counsel engaged in a discussion regarding the fact that Appellant had been previously sentenced to an optional three-year term of post-release control rather than a mandatory term. After deciding the error was a clerical one, the trial court sentenced Appellant to prison for the time remaining on his previously-suspended sentence, which was approximately two and a half months, and informed him he was now subject to a mandatory three-year term of post-release control. This attempt by the trial court to cure the error failed.

{¶25} As indicated above, judicial release is governed by a different statute than community control. R.C. 2929.20, which governs judicial release, provides in section (K) that when a court grants an offender judicial release, it "shall reserve the right to reimpose the sentence that it reduced if the offender violates the sanction." In *State v. McConnell*, 143 Ohio App.3d 219, 757 N.E.2d 1187 (3rd Dist.2001), the court reasoned that R.C.

2929.20(I) [now (K)] "permits the trial court merely to reinstate the reduced, original prison term upon a violation of the conditions of early judicial release." Further, in *State v. Abrams*, 7th Dist. Mahoning No. 15 MA 0217, 2016-Ohio-5581, ¶ 14, the court stated as follows:

> "* * * according to the explicit language of the judicial release statute, the trial court is bound by the specific term of incarceration imposed at the original sentencing hearing. This means the offender serves the remainder of the exact term of incarceration that has only been suspended by the grant of judicial release. R.C. 2929.20(K), *see also State v. Mann*, 3rd Dist. No. 3-03-42, 2004-Ohio-4703, ¶ 13; *State v. Darst*, 170 Ohio App.3d 482, 2007-Ohio-1151, 867 N.E.2d 882, ¶ 35."

Because the trial court is limited to reimposing the sentence previously imposed upon a violation of judicial release, it stands to reason that the court cannot, at that time, correct a sentencing error that occurred when the sentence was originally imposed. This is because the sentencing at a judicial release revocation hearing is much more limited than the sentencing at a community control revocation hearing, which was the situation in *Fraley, supra,* where the court reasoned an offender is sentenced "anew."

{¶26} Further, and unfortunately, because Appellant has now already completed his prison sentence, the trial court is without jurisdiction to correct his sentence. "[O]nce an offender has completed the prison term imposed in his original sentence, he cannot be subjected to another sentencing to correct the trial court's flawed imposition of postrelease control." *State v. Bloomer*,

122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 70; citing *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 18, and *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, at syllabus (overruled on other grounds by *State v. Fischer, supra*). "[W]here a defendant has served his term of incarceration on the underlying sentence, the parole authority lacks the authority to impose post-release control upon a defendant and there can be no remand for resentencing." *State v. Biondo*, 11th Dist. Portage No. 2008-P-0028, 2008-Ohio-6560, ¶ 28; citing *Hernandez v. Kelly*, 108 Ohio St.3d 395, 844 N.E.2d 301, 2006-Ohio-126; *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 856 N.E.2d 263, 2006-Ohio-5795. Therefore, the post-release control portion of Appellant's is void and cannot now be corrected.

{¶27} Accordingly, having found no merit to the assignment of error raised by Appellant, it is overruled. However, having sua sponte found the trial court's imposition of post-release control in this case to be void and the trial court to be without jurisdiction to correct it because Appellant has already completed his prison term, the judgment of the trial court must be vacated with regard to the imposition of post-release control. We additionally order Appellant discharged from further supervision by the Adult Parole Authority.

*State v. Biondo, supra,* at ¶ 28 (a "defendant who has served his prison term is

entitled to release from post-release control.").

**JUDGMENT AFFIRMED IN
PART AND VACATED IN PART.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED IN PART AND VACATED IN PART.  Appellant and Appellee shall split costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J.:    Concurs in Judgment and Opinion.
Hoover, J.:  Concurs in Judgment Only.

For the Court,

BY:    _____
Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**