[Cite as *State v. Pierce*, 2018-Ohio-4458.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 18CA4 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| ORLANDO J. PIERCE, | : | |
| AKA; JESSE PIERCE, | : | |
| | : | |
| Defendant-Appellant. | : | **Released: 10/29/18** |

_____

APPEARANCES:

Matthew L. O'Leary, Circleville, Ohio, for Appellant.

Judy C. Wolford, Pickaway County Prosecutor, and Heather MJ Carter, Assistant Pickaway County Prosecutor, Circleville, Ohio, for Appellee.

_____

McFarland, J.

{¶1} This is an appeal from a Pickaway County Court of Common Pleas judgment entry convicting Appellant, Orlando Pierce, of four counts of nonsupport or contributing to nonsupport of dependents, all fifth degree felonies in violation of R.C. 2919.21(B).  On appeal, Appellant contends that the trial court's imposition of consecutive sentences rendered his sentence contrary to law.  Because we have found no error with respect to the trial court's imposition of non-minimum and consecutive sentences, Appellant's sole assignment of error is overruled and we affirm that portion of the

judgment of the trial court. However, because we have determined the trial court failed to provide the proper post-release control notifications to Appellant at his sentencing hearing, the post-release control portion of Appellant's sentence is void and contrary to law. Accordingly, the purported imposition of post-release control contained in the sentencing entry is vacated, and this matter is remanded to the trial court for the proper imposition of post-release control.

## FACTS

{¶2} As the parties agree on the following facts and procedural history pertinent to this appeal, we set them forth, verbatim, as follows:

> "On March 7th, 2014, Defendant-Appellant, Orlando Pierce, was indicted by the Pickaway County, Ohio Grand Jury on four counts of Non-Support of Dependents, in violation of Ohio Revised Code Section 2919.21(B) felonies of the fifth degree, [sic] Mr. Pierce pleaded not guilty to the charges. A pretrial hearing was conducted on November 17, 2017. Thereafter, a plea hearing was set for January 3rd, 2018. Pursuant to negotiations with the Pickaway County Prosecutor, Mr. Pierce entered into guilty pleas on all counts and a pre-sentence investigation was ordered. On January 31st, 2018 at the sentencing hearing Mr. Pierce's attorney and the Pickaway County Prosecutor jointly recommended a community control sanction. After a brief colloquy with Mr. Pierce, the trial court imposed nine (9) month prison terms for each count which were run consecutively to one another for an aggregate thirty-six (36) month prison term. Shortly thereafter, Mr. Pierce filed motions for sentence modification and this appeal.
> * * *
> The basis for Mr. Pierce's Non-support of Dependents charges stem from his failure to pay his support obligation for his minor

children from a period dating January 1st, 2011 through December 31st, 2012. During a portion of this period of time, Appellant was incarcerated in the Pickaway Correctional Institution. (Defendant's Motion for Sentence Modification, 1). Appellant asserted that the required payments were being deducted from his state maintained prison account. (Id.)[.] Appellant ultimately decided to waive raising this argument in his defense and enter pleas of guilty to all counts."

{¶3} Further, and pertinent to this appeal, the record reveals the trial court issued an "ENTRY OF SENTENCE AND ADVISEMENT OF DISCRETIONARY POST RELEASE CONTROL" on February 2, 2018 sentencing Appellant to nine-month prison terms on each count, to be served consecutively for an aggregate term of thirty-six months. The entry also stated that Appellant had been "notified * * * that he may be subject to a DISCRETIONARY period of post release control of THREE (3) YEARS, if determined necessary by the Parole Board after his release from imprisonment, as well as the consequences for violating conditions of post release control imposed by the Parole Board under ORC Section 2967.28." The trial court further notified Appellant as follows, with regard to its imposition of post-release control:

"In the event that a prison sentence is imposed herein, the Parole Board may impose a more restrictive sanction, a prison term not to exceed nine (9) months, for each violation, or a maximum cumulative prison term for all violations not to exceed one-half of the stated prison originally imposed. If the violation is a new felony, Defendant may receive a prison of the greater of one year, OR the time remaining on post release

control which shall be served consecutively to any other prison term imposed for the new offense."

{¶4} Appellant now appeals his convictions and sentences, raising one assignment of error for our review.

ASSIGNMENT OF ERROR

"I.    APPELLANT'S SENTENCE WAS CLEARLY AND CONVINCINGLY CONTRARY TO LAW."

{¶5} In his sole assignment of error, Appellant contends his sentence was clearly and convincingly contrary to law.  Appellant argues that although the requisite language appears in the trial court's sentencing entry, the record here does not support the imposition of a thirty-six month prison term, and that the prison term imposed "does not punish the offender using the minimum sanctions that the court determines accomplish those purposes [of felony sentencing] without imposing an unnecessary burden on the state or local government * * *."  Appellant further argues that the trial court did not adequately consider R.C. 2929.11 and 2929.12 when imposing sentence, and that it placed "undue emphasis upon previous convictions in Appellant's background and the need to make an example out of the Appellant for others in the community."  Thus, Appellant challenges the trial court's imposition of non-minimum and consecutive sentences, based upon the record before it.

{¶6} R.C. 2953.08(G)(2) defines appellate review of felony sentences and provides, in relevant part, as follows:

> "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
> (b) That the sentence is otherwise contrary to law."

{¶7} "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶ 1. This is a deferential standard. *Id.* at ¶ 23. Furthermore, "appellate courts may not apply the abuse-of-discretion standard in sentencing-term challenges." *Id.* at ¶ 10. Additionally, although R.C. 2953.08(G) does not mention R.C. 2929.11 or 2929.12, the Supreme Court of Ohio has determined that the same standard of review

applies to findings made under those statutes. *Id.* at ¶ 23 (stating that "it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court," meaning that "an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence").

> "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' " *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus; *Id.* at ¶ 22.

{¶8} Further, as noted by the Eighth District Court of Appeals:

> "It is important to understand that the 'clear and convincing' standard applied in R.C. 2953.08(G)(2) is not discretionary. In fact, R.C. 2953.08(G)(2) makes it clear that '[t]he appellate court's standard for review is not whether the sentencing court abused its discretion.' As a practical consideration, this means that appellate courts are prohibited from substituting their judgment for that of the trial judge.

> It is also important to understand that the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative. It does not say that the trial judge must have clear and convincing evidence to support its findings. Instead, it is the court of appeals that must clearly and convincingly find that the

record does not support the court's findings. In other words, the restriction is on the appellate court, not the trial judge. This is an extremely deferential standard of review." *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013–Ohio–1891, 992 N.E.2d 453, ¶ 20-21.

{¶9} Here, it appears the sentences Appellant received on each count, while non-minimum, were within the statutory range for each offense.  Thus, it cannot be said that the length of any of the individual sentences is contrary to law.  Further, "a sentence is generally not contrary to law if the trial court considered the R.C. 2929.11 purposes and principles of sentencing as well as the R.C. 2929.12 seriousness and recidivism factors, properly applied post-release control, and imposed a sentence within the statutory range." *State v. Brewer*, 2014–Ohio–1903, 11 N.E.3d 317, ¶ 38 (4th Dist.).  "The sentence must also comply with any specific statutory requirements that apply, e.g. a mandatory term for a firearm specification, certain driver's license suspensions, etc." *Id.*

{¶10} And, the trial court expressly stated in its sentencing entry that it considered the principles and purposes of sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12. Although the trial court did not make specific findings concerning the various factors in these statutes, it had no obligation to do so. *State v. Robinson*, 4th Dist. Lawrence No. 13CA18, 2015–Ohio–2635, ¶ 38 ("[T]he

trial court was not required to make findings or give reasons for imposing more than the minimum sentence."). Further, Appellant concedes the trial court referenced the requisite language and considerations under R.C. 2929.11 and 2929.12 when it imposed the sentences. Accordingly, we conclude Appellant's non-minimum prison sentences were not clearly and convincingly contrary to law.

{¶11} Additionally, with respect to the trial court's decision to order the sentences be served consecutively, under the tripartite procedure set forth in R.C. 2929.14(C)(4) for imposing consecutive sentences, the trial court had to find that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that one of three circumstances specified in the statute applies. *See generally State v. Baker*, 4th Dist. Athens No. 13CA18, 2014–Ohio–1967, ¶ 35–36. The three circumstances are as follows:

> "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two

or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

The trial court is required to make these findings at the sentencing hearing and to incorporate its findings in its sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.3d 659, syllabus. "The trial court need not use talismanic words to comply with R.C. 2929.14(C)(4), but it must be clear from the record that the trial court actually made the required findings." *State v. Campbell*, 4th Dist. Adams No. 13CA969, 2014–Ohio–3860, at ¶ 25.

{¶12} Although the trial court must make the required findings before imposing consecutive sentences, the court is under no obligation to make specific findings under the various factors in these statutes. *See State v. Kulchar*, 4th Dist. Athens No. 10CA6, 2015–Ohio–3703, ¶ 47. Nor did the trial court have any obligation under R.C. 2929.14(C)(4) to state reasons to support its findings to impose consecutive sentences. *Bonnell* at syllabus ("In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the

sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings").

{¶13} We reject Appellant's assertion that consecutive sentences are contrary to law and unsupported by the record. Here, the trial court's judgment entry stated that it had considered the principles and purposes of sentencing under R.C. 2929.11 and 2929.12, as well as the record, oral statements, any victim impact statements and a pre-sentence report. The trial court's sentencing entry further expressly stated it had balanced and weighed the seriousness and recidivism factors. The trial court further expressly stated in the sentencing entry as follows:

> "The Court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and that at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct. The offender's history of criminal conduct demonstrates that the consecutive sentences are necessary to protect the public from future crime by the offender."

Thus, the required findings were made by the trial court before imposing consecutive sentences and further, the trial court was under no obligation to state its reasons for making its findings.

{¶14} In *State v. Campbell*, 4th Dist. Adams No. 15CA1012, 2016–Ohio–415, ¶ 15, we recently noted that courts have upheld the imposition of consecutive sentences that even included a life sentence as long as the trial court makes the required findings. Citing *State v. Peak*, 8th Dist. Cuyahoga No. 102850, 2015–Ohio–4702, ¶ 8–14 (affirming the imposition of two consecutive life sentences with the possibility of parole after ten years on each of the two counts for rape of a victim less than thirteen years old.). In light of that reasoning, we concluded Campbell had "failed to establish that the trial court clearly and convincingly imposed a sentence that was either not supported by the record or otherwise contrary to law." *Id.* at ¶ 16. The same reasoning applies herein and leads to the same result.

{¶15} Here, Appellant pleaded guilty to not one, but four counts of felony nonsupport of his dependents. Further, it appears that Appellant may have been incarcerated for part of the period of time he is alleged to have failed to support his children. This fact weighed heavily with the trial court. In fact, the trial court stated as follows, on the record, with respect to Appellant's prior criminal history:

> "Mr. Pierce, you're going to have to do an awful good job of convincing me why I shouldn't send you to prison, because you've got one of the worst records I've ever seen. Yeah. I've done this about twenty-three years. You did nothing of redeeming value that I can find, and I've read it and searched it."

The trial court further noted that Appellant had "five prior prison inmate numbers, plus the one in Kentucky, wanted in Kentucky and Tennessee." And in response to Appellant's statement that he needed help, not incarceration, the trial court responded as follows:

> "Well, get it.  I'm not going to help you.  I'm going to help you, I'm going to help the people of this community and state to make an example of what not to do.  Because you're 49 years of age, in my opinion, you're beyond help.  That's just my opinion."

{¶16} Finally, with regard to Appellant's argument that the trial court placed undue emphasis on Appellant's criminal history, consideration of prior criminal history is expressly permitted under the sentencing statutes, as is imposing sentences that deter similar conduct by others.  There is no error in this regard.  In light of the foregoing, we cannot say that the record before us fails to support the imposition of non-minimum and consecutive sentences or that the imposition of these sentences was contrary to law.

{¶17} Unfortunately, however, our review does not end here. Although the trial court included a discretionary three-year term of post-release control, along with the required, attendant notifications regarding the consequences for violating post-release control in the sentencing entry, the trial court did not notify Appellant he was subject to a discretionary term of post-release control during the sentencing hearing.  In fact, the transcript

from the sentencing hearing is silent as to post-release control. " 'When sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about post-release control and is further required to incorporate that notice into its journal entry imposing sentence.' " *State v. Ferris*, 4th Dist. Lawrence No. 16CA27, 2017-Ohio-5664, ¶ 7; quoting *State v. Gannon*, 4th Dist. Lawrence No. 15CA16, 2016–Ohio–1007, ¶ 26; quoting *State v. Jordan*, 104 Ohio St.3d 21, 2004–Ohio–6085, 817 N.E.2d 864, paragraph one of the syllabus.

{¶**18**} "Under R.C. 2929.19(B)(2)(c) and (e), a trial court must notify certain felony offenders at the sentencing hearing that: 1) the offender is subject to statutorily mandated post-release control; and 2) the parole board may impose a prison term of up to one-half of the offender's originally-imposed prison term if the offender violates the post-release control conditions." *State v. Filous*, 2017-Ohio-7203, 95 N.E.3d 573, ¶ 22. Not only is the trial court required to notify the offender about post-release control at the sentencing hearing, it is also required to incorporate that notice into the sentencing entry. *Id.* Regardless, however, the main focus of the post-release control sentencing statutes is on the notification itself and not on the sentencing entry. *Id.*; citing *State v. Adkins*, 4th Dist. Lawrence No. 13CA17, 2014-Ohio-3389, ¶ 36. "When a trial court fails to provide the

required notification at either the sentencing hearing or in the sentencing entry, that part of the sentence is void and must be set aside." (Emphasis sic.) *Adkins* at ¶ 37; citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 27-29; *see also State v. Adams*, 4th Dist. Lawrence No. 15CA2, 2016-Ohio-7772, ¶ 87. " '[I]n most cases, the prison sanction is not void and therefore "only the offending portion of the sentence is subject to review and correction." ' " *Id*.; quoting *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 7; quoting *Fischer* at ¶ 27.

{¶19} Failure to address and properly impose post-release control during the sentencing hearing constitutes a notification error and that portion of Appellant's sentence is void, must be set aside, and the matter must be remanded to the trial court for a resentencing hearing in accordance with R.C. 2929.191. *Ferris* at ¶ 10; citing *State v. Adams*, *supra,* at ¶ 87. Further, as set forth above, a sentence is considered contrary to law when the trial court fails to properly impose post-release control. *State v. Brewer, supra,* at ¶ 38. Accordingly, although we have found no merit to the sole assignment of error raised by Appellant, because we have determined, sua sponte, that the trial court failed to properly impose post release control, and that the error resulted in the post release control portion of Appellant's sentence

being void, Appellant's sentence is affirmed in part, vacated in part, and

remanded to the trial court for the proper imposition of post release control.

**JUDGMENT AFFIRMED IN PART, VACATED IN PART AND REMANDED**.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED IN PART, VACATED IN PART, AND REMANDED. Costs shall be divided equally between Appellant and Appellee.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, P.J.: Concurs in Judgment and Opinion.
Abele, J.:     Concurs in Judgment Only.

For the Court,

BY:  _____
Matthew W. McFarland, Judge

**NOTICE TO COUNSEL: Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**