[Cite as *State v. Nixon*, 2019-Ohio-4321.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS. 2019-P-0021** **2019-P-0022** |
| DAVID A. NIXON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals from the Portage County Court of Common Pleas, Case Nos. 2016 CR 00394 and 2016 CR 00496.

Judgment: Appeals dismissed.

*Victor V. Vigluicci,* Portage County Prosecutor and *Pamela J. Holder,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, Ohio 44266 (For Plaintiff-Appellee).

*David A. Nixon,* 143 Fell Avenue, Northfield, Ohio 44067 (Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, David A. Nixon, appeals the February 11, 2019, judgment overruling his motion to vacate his unlawful sentence and the underlying September 7, 2018 decision revoking his judicial release and imposing a one-year sentence. For the following reasons, we dismiss the appeals as moot.

{¶2} In April 2019, we reversed and vacated the trial court's April 4, 2018 nunc pro tunc decision in which the trial court attempted to make necessary consecutive findings that were absent from the court's original sentencing decision because it was an

improper use of a nunc pro tunc. *State v. Nixon*, 11th Dist. Portage No. 2018-P-0040, 2019-Ohio-1502, ¶ 26. As a result of our decision, the court's original April 10, 2017 sentencing decision continued to govern Nixon's sentence. *Id.* at ¶ 6.

{¶3} Before we issued our opinion vacating the April 4, 2018 nunc pro tunc, however, the trial court revoked Nixon's judicial release based on his failure to appear at a status hearing. The September 7, 2018 judgment revoking Nixon's judicial release finds a violation of his conditions and states that the court "amends the original prison sentence to a total of Twelve (12) months." The judgment also states that Nixon "shall serve a term of imprisonment of Twelve (12) months to be served for each offense of Domestic Violence and a Protective Order, of which shall run concurrent to one another, or until such time as he is otherwise legally released. * * * The Court finds the parties stipulated that the Defendant shall receive NO credit for time served previously in jail and prison and no credit for time served after judicial release and no credit for time served awaiting transport to prison."

{¶4} Nixon did not timely appeal the September 7, 2018 judgment, but he subsequently moved to vacate his void sentence and then timely appealed the decision denying that motion as well as the underlying September 7, 2018 judgment. The state did not file a cross appeal and does not allege that Nixon has served less time in prison than required.

{¶5} Nixon raises four assignments of error and the foundation for each is that the trial court erred in "amending" his sentence upon revoking his judicial release instead of imposing his remaining term with credit for time served consistent with R.C. 2929.20(K). His assigned errors assert:

{¶6} "[1.] The trial court committed prejudicial error by denying defendant-appellant's motion to vacate unlawful, unconstitutional sentence it imposed upon the revocation of judicial release. Defendant-appellant did demonstrate an infringement of his constitutional rights as to render the trial court's judgment and sentence a nullity or void. (T.D. 145).

{¶7} "[2.] The trial court acted contrary to law when it improperly modified the defendant-appellant's sentence upon the revocation of judicial release, rather than simply re-imposing the original sentence that was suspended by judicial release, with credit for time served prior to the revocation in compliance with R.C. 2929.20. (T.d. 131).

{¶8} "[3.] The trial court committed prejudicial error when it amended defendant-appellant's sentence on Portage CP No. 2016 CR 00496, State v. Nixon (September 7, 2018) and imposed a one (1) year prison term, violating defendant-appellant's rights in the Fifth and Fourteenth Amendments to the U.S. Constitution to be free from twice being put in jeopardy for the same offense. (T.d. 131).

{¶9} "[4.] Defendant-appellant was denied effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the U.S. Constitution and Article One, Section 2, 10, and 16 of the Constitution where counsel for defendant-appellant negotiated a plea agreement that was contrary to law and void and then refused to file any motions with the court to correct the sentencing errors. (T.d. 131)."

{¶10} Regardless of the trial court's alleged error in amending or modifying Nixon's sentence when it revoked his judicial release, the Ohio Department of Rehabilitation and Correction website confirms that Nixon was released from prison on August 13, 2019 and that he is now under the supervision of the Adult Parole Authority.

3

https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A694305 (accessed Sept. 9, 2019). *State ex rel. Brown v. Ohio Dept. of Rehab. & Corr.*, 139 Ohio St.3d 433, 2014-Ohio-2348, 12 N.E.3d 1187, ¶ 2, fn. 1, citing *Pewitt v. Lorain Correctional Inst.*, 64 Ohio St.3d 470, 1992-Ohio-91, 597 N.E.2d 92 (1992) ("[A]n event that causes a case to become moot may be proved by extrinsic evidence.")

**{¶11}** Because Nixon's assigned errors challenge only the trial court's sentencing decision and not his underlying convictions, the court's errors, if any, are moot since he has already been released from prison, and we can grant him no relief. *State v. Henderson*, 2d Dist. Montgomery No. 27559, 2018-Ohio-608, ¶ 20 (finding appeal moot where appellant completed his prison sentence and there was no available remedy); *State v. Rhymer*, 12th Dist. Butler No. CA2018-01-014, 2018-Ohio-2669, ¶ 9; *State v. McConnell*, 143 Ohio App.3d 219, 2001-Ohio-2129, 757 N.E.2d 1167, (3d Dist.) (remedy for court's error in sentencing following revocation of judicial release is to reverse and remand for resentencing and reinstatement of original prison term) *State v. Filous*, 4th Dist. Athens No. 16CA16, 2017-Ohio-7203, 95 N.E.3d 573, ¶ 26 ("because Appellant has now already completed his prison sentence, the trial court is without jurisdiction to correct his sentence.").

**{¶12}** Appeals dismissed.

CYNTHIA WESTCOTT RICE, J.,
TIMOTHY P. CANNON, J.,
concur.

4