[Cite as *State v. Henderson*, 2018-Ohio-608.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 27559 |
| | : | |
| v. | : | T.C. NOs. 13-CR-1782 |
| | : | 15-CR-1190 |
| DELAQUAN D. HENDERSON | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the 16th day of February, 2018.

. . . . . . . . . . .

SARAH HUTNIK, Atty. Reg. No. 95900, Montgomery Co. Prosecutors Office, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee


AMY FERGUSON, Atty. Reg. No. 88397, 130 W. Second Street, Suite 1818, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1}  This matter is before the Court on the April 24, 2017 Notices of Appeal of

Delaquan Henderson. Henderson appeals from the April 4, 2017 decision of the trial court overruling his April 3, 2017 pro se motion for jail time credit. Since the doctrine of res judicata applies to the trial court's calculation of jail time credit, the judgment of the trial court is affirmed.

{¶ 2} The record before us reflects that, in Case No. 2013 CR 1782, Henderson was convicted, following a plea of guilty, on one count of burglary (occupied/criminal offense), in violation of R.C. 2911.12(A)(3), a felony of the third degree, and on January 28, 2014, he was sentenced to community control sanctions for five years. The court indicated that it would impose a prison term of 30 months if the terms of community control were violated.

{¶ 3} The record further reflects that, in Case No. 2015 CR 1190, Henderson was convicted, following a guilty plea, on one count of aggravated robbery, a felony of the first degree. In exchange for his plea, the State dismissed the accompanying firearm specification, as well as Counts 2-4 of the indictment, namely two counts of having weapons while under disability, in violation of R.C. 2923.13(A)(2), and one count of having weapons while under disability in violation of R.C. 2923.13(A)(3). On August 10, 2016, the trial court sentenced Henderson to a mandatory three-year term to be served concurrently to the sentences imposed in Case Nos. 2013 CR 1782 and 2016 CR 1039. In Case No. 2016 CR 1039, Henderson was convicted, following a guilty plea, on one count of harassment by an inmate (bodily substance), in violation of R.C. 2921.38, a felony of the fifth degree, and on August 10, 2016, he was sentenced to six months in prison, to be served concurrently to the sentences imposed in Case Nos. 2013 CR 1782 and 2015 CR 1190. Finally, the court sentenced Henderson to 24 months in Case No.

2013 CR 1782 for violating the terms of his community control sanctions. The trial court granted Henderson 362 days of jail time credit in 2013 CR 1782 and 2015 CR 1190.

{¶ 4} On October 4, 2016, Henderson filed a pro se motion for jail time credit in Case Nos. 2013 CR 1782, 2015 CR 1190, and 2016 CR 1039, which provides: "I served a total of 482 days." The motion provides that Henderson does "not recall the exact admission and emancipation dates for the CR-13 case – however on the CR-15 and CR-16 cases I served a total of 208 days. Furthermore, on the CR-13 case I served a total of 274 days."

{¶ 5} On October 5, 2016, the trial court overruled the motion. The court determined as follows:

> * * * The court has also reviewed jail time credit reports filed by the pretrial officer. The court has reviewed the memorandum supplementing Defendant's motion.

> Defendant's jail time credit was calculated in accordance with * * * *State v. Cole*, CA Case No. 23327, 2009-Ohio-4580, Montgomery County.

> Defendant was given credit for three hundred and sixty-two days (362) at the time of sentencing. The sentencing occurred on or about the 11th day of August, 2016. Defendant did not object to the amount of jail time credit at that time.

> The court reviewed the Defendant's memorandum and the pretrial officer's report. The pretrial officer's report is detailed. The court finds the report credible.

> Accordingly, Defendant's motion for judicial jail time credit is not well

taken and is hereby OVERRULED.

{¶ 6} On April 3, 2017, Henderson filed another pro se motion for jail time credit in Case Nos. 2013 CR 1782 and 2015 CR 1190.   The motion provides as follows:

* * * Pursuant to *State v. Spillan* 2006-Ohio-4788, Defendant is entitled to the days of jail time credit he seeks herein as he asserts this Court made a mathematical error in its calculation.   Further, I was sentenced on about August 9 2016 to 36 months to DRC.   I was given 363 days of jail time credit.   Let the record reflect that both the CR 13 and CR 15 cases wer[e] ran together and I was sentenced to 36 month[s] to be served concurrently.   I served a total of 274 days on the 2013 CR 01782 case and a total of 231 days on the 2015 CR 001190 case, 31 of those days don't count because I was sent to Summit behavioral by court order for 31 days for a[] competency evaluation – which is dead time.   However, the totality of jail time credit entitled to the Defendant is 474 days.   Please allow the attached forms with dates and mathematical facts to enhance the correct decision in this matter before your honorable court.

{¶ 7} Attached to the motion is a December 29, 2015 "Notice of CCS Revocation Hearing and Order" in Case No. 2013 CR 1782, which indicates jail time credit of 272 days as of December 22, 2015.

{¶ 8} On April 4, 2017, the court issued an Entry that provides:   "On October 5, 2016, the Court ruled that the defendant be granted 362 days of Jail Time Credit in C#2013 CR 01782.   On April 3, 2017, the defendant filed an additional motion requesting a Jail Time Credit report be conducted.   The Court upholds its decision from October 5,

2016, which granted the defendant with 362 days."

{¶ 9} Henderson filed the instant appeal[1], and the State filed a Motion to Dismiss the appeal on April 27, 2017, asserting that Henderson untimely appealed from the trial court's decision of October 5, 2016. According to the State, the trial court's decision of April 4, 2017, "was nothing more than a reconsideration of the court's October 5, 2016 Decision overruling Henderson's motion for jail time credit," and a nullity. On June 1, 2017, this Court overruled the motion to dismiss, concluding that Henderson "did not file a motion for reconsideration of the October 5, 2016 decision; he filed a new motion for jail time credit. The October 5, 2016 decision and the April 4, 2017 entry concern separate and discrete motions for jail time credit filed on October 4, 2016 and April 3, 2017, respectively. Henderson's notice of appeal was timely filed from the April 4 entry overruling the latter."

{¶ 10} We note that Henderson filed a third motion for jail time credit on June 15, 2017, which was overruled on the following day.

{¶ 11} Henderson's sole assignment of error is as follows:

THE TRIAL COURT ERRED IN FAILING TO GRANT THE DEFENDANT ALL THE JAIL TIME CREDIT HE WAS ENTITLED TO.

{¶ 12} Henderson asserts the following facts:

* * * Mr. Henderson was sentenced to three years concurrent on all three cases. Three years is equivalent to 1,095 days. At sentencing the Court gave credit for 362 days. A new PSI was not done for the 2015 or

---

[1] We note that the captions of Henderson's brief and the State's brief include Case No. 2016 CR 1039. Henderson's only motion for jail time credit in that case was filed on October 4, 2016, and there is not a pending appeal in that case.

the 2016 case as defense counsel waived PSI. A PSI was done in the 2013 case crediting Mr. Henderson with 170 days of credit. There was one previous revocation filed on this case on June 17, 2014 and he was sentenced to an additional 51 days adding up to 221 days. For the 2015 case he was incarcerated on January 12, 2016 and was not released before sentencing on August 9, 2016, equaling 210 days[.] [T]his time should have also been credited for the 2013 case as being charged with a new felony and incarcerated was certainly a violation of community control sanctions. Therefore at sentencing on August 9, 2016, the credit received should have been 431 days.

Further, on the 2013 case Mr. Henderson was placed on community control and given a suspended term of 30 months in prison therefore the Court did not have twenty-four remaining months to sentence Mr. Henderson to as he had already served 431 days leaving only 299 days or 9.96 months. The sentence on the 2013 case is therefore invalid. Mr. Henderson requests that the jail time credit be recalculated giving him 431 days of credit at the time of sentencing.

{¶ 13} Henderson argues as follows:

* * * In this case Mr. Henderson was confined on the 2013 case for 431 days at the time of sentencing. These 431 days arise from the dates that the original 2013 case was pending and also days that he was being held on new cases but also community control violations from the 2013 case for picking up those newer charges. Because the court decided to sentence

Mr. Henderson for all three cases to a term of 36 months concurrently the jail time credit of 431 days should have been run across all three and credited to him at the time of sentencing.

Further, the court sentenced him specifically to 24 months in case 13 CR 1782. This case was previously capped at sentencing with an alternative sentence of 30 months. Mr. Henderson would have jail time credit that when added up would have sentenced Mr. Henderson beyond the 30 month cap; thus rendering this sentence invalid.

{¶ 14} The State in response argues that Henderson has completed his sentence for 2013 CR 1782, and that his appeal pertaining to that case is moot. This is so, according to the State, because applying the 362 days of jail time credit he was awarded at the August 9, 2016 sentencing, he had 368 days left to serve, which means he completed his sentence in August of 2017.

{¶ 15} The State further asserts that Henderson's claims are barred by res judicata. According to the State, Henderson's argument that he did not receive all the jail time credit to which he was entitled "is a question about whether specific periods of incarceration qualify under R.C. 2967.191. This is not an issue of mathematical error, but an issue of legal determination. Thus, Henderson must have appealed this issue directly from the termination entry." The State notes that Henderson did not appeal from the October 5, 2016 denial of his initial motion for jail time credit but rather filed another motion for jail time credit. The State again asserts that Henderson's "second motion was a motion for reconsideration of the trial court's final appealable order."

{¶ 16} Finally, the State asserts that "Henderson argues that at the time of

sentencing, he had served 431 days on the 2013 case and, because he was sentenced to concurrent sentences, those 431 days should apply to all sentences." The State asserts as follows:

Here, the trial court awarded 362 days of jail-time credit to both 2013 and 2015 cases. * * * Henderson is entitled to jail time credit arising out of each offense. Henderson is not entitled to jail time credit for time he served on his 2013 case to be applied to his 2015 case. The time Henderson served prior to his arrest and indictment in the 2015 case was served on a separate offense and must not be applied to the 2015 sentence. Jail-time credit must be calculated individually according to each case. * * * Henderson had served 274 days imprisonment in the 2013 case prior to his arrest for the 2015 case. This time [is comprised] of pretrial imprisonment prior to sentencing on January 14, 2014 and time served for an intermediary revocation of community control. By Henderson's own admission, he served 210 days on the 2015 case prior to the sentencing hearing. * * * According to the record Henderson served 211 days prior to sentencing. Henderson was indicted on the 2015 case in January 12, 2016 and was sentenced on August 10, 2016 for a total of 211 days. * * * Therefore, as Henderson received 362 days jail-time credit, if an error was made, it was in Henderson's favor.

**{¶ 17}** "R.C. 2967.191, governing jail time credit, implements the equal protection right to credit for prior incarceration. * * *." *State v. Breneman*, 2d Dist. Champaign No. 2015-CA-16, 2016-Ohio-597, ¶ 14. The statute provides as follows:

The department of rehabilitation and correction shall reduce the stated term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term * * *

{¶ 18} " 'Although the [department of rehabilitation and correction] has a mandatory duty pursuant to R.C. 2967.191 to credit an inmate with jail time already served, it is the trial court that makes the factual determination as to the number of days of confinement that a defendant is entitled to have credited toward his sentence. * * *." *Breneman*, ¶ 15.

{¶ 19} We conclude that the doctrine of res judicata applies to the court's calculation of jail time credit.

"Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry* (1967), 10 Ohio St.2d 175, 180, 226 N.E.2d 104. *State v. Goldwire*, 2d Dist. Montgomery No. 20838, 2005-Ohio-5784, ¶ 11.

{¶ 20} Henderson did not appeal from the denial of his initial motion for jail time

credit, and the doctrine of res judicata bars his subsequent motion(s) challenging the trial court's calculation. Additionally, regarding Case No. 2013 CR 1782, as the State asserts, applying the 362 days of jail time credit calculated by the trial court, Henderson completed his 24-month sentence in August of 2017, and there is no available remedy in that case. In other words, his appeal in that case is moot. *State v. Bogan*, 2d Dist. Champaign No. 2012-CA-34, 2013-Ohio-1920, ¶ 5. Accordingly, Henderson's assigned error is overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and TUCKER, J. concur.

Copies mailed to:

Sarah Hutnik
Amy Ferguson
Hon. Timothy N. O'Connell