[Cite as *State v. Kolvek*, 2017-Ohio-9137.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

ROBERT M. KOLVEK

    Appellant

C.A. Nos.    28141
    28142
    28143
    28144
    28145

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.    CR 2010 03 0633(A)
    CR 2010 06 1617
    CR 2010 10 2988(A)
    CR 2015 04 1206(B)
    CR 2015 05 1474(A)

DECISION AND JOURNAL ENTRY

Dated: December 20, 2017

HENSAL, Presiding Judge.

{¶1}    Robert Kolvek appeals his convictions and sentences from the Summit County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2}    In April 2015, Akron police officers found materials and equipment used in the manufacturing of methamphetamine during their search of two houses. After police connected Mr. Kolvek to the locations, the Grand Jury indicted him for illegal manufacture of drugs, illegal assembly or possession of chemicals for the manufacture of drugs, and aggravated possession of drugs. A few days later, police arrested Mr. Kolvek after he and a woman attempted to purchase

Sudafed from a store. Following his arrest, the Grand Jury indicted him for another count of illegal assembly or possession of chemicals for the manufacture of drugs. The State also charged Mr. Kolvek with violating the terms and conditions of the community control he received upon being released early from prison in three prior cases.

{¶3} The indicted charges were consolidated for trial, and a jury found Mr. Kolvek guilty of the offenses. In light of the jury's verdicts, the trial court found that Mr. Kolvek violated the terms and conditions of his community control. It, therefore, ordered him to serve the remainder of his prison sentences in the prior cases. It also sentenced him to a total of 12 years imprisonment for the new offenses, which it ordered to run consecutively to his prior sentences. Mr. Kolvek has appealed, assigning five errors.

II.

ASSIGNMENT OF ERROR I

MR. KOLVEK'S INDICTMENT IN CR 2015-04-1206(B) VIOLATED HIS RIGHTS UNDER THE U.S. CONSTITUTION BECAUSE IT WAS DUPLICITOUS, MERITING REVERSAL.

{¶4} Mr. Kolvek argues that the indictment that arose out of the search of the two houses did not adequately inform him about what he would have to defend against at trial. He notes that one of the searches occurred on Archwood Avenue and the other on Stanley Road. The first count of the indictment, however, only accused him of manufacturing methamphetamine in the presence of the children that live at the Archwood Avenue house. He, therefore, thought that all of the counts arose out of the search of the Archwood Avenue house. According to Mr. Kolvek, he did not learn that the State was also accusing him of committing offenses at the Stanley Road house until trial was imminent.

**{¶5}** "An indictment meets constitutional requirements if it first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *State v. Jackson*, 134 Ohio St.3d 184, 2012-Ohio-5561, ¶ 13, quoting *State v. Childs*, 88 Ohio St.3d 558, 565 (2000); *see* Crim. R.7(B). In addition, under Revised Code Section 2941.03(D), an indictment must indicate that the offense "was committed at some place within the jurisdiction of the court[.]" An indictment is not "required to list the precise actions which constitute an offense." *State v. Brust*, 4th Dist. Pike No. 95CA551, 1995 Ohio App. LEXIS 5681, *18 (Nov. 20, 1995) (concluding that indictment that included the county of the offense was not defective for failing to include a place of occurrence).

**{¶6}** Mr. Kolvek has not alleged that the indictment failed to contain the elements of each offense or that he is not protected from future prosecution for the same offenses. Each count indicated that it occurred with Summit County, satisfying Section 2941.03(D). Accordingly, upon review of the record, we reject Mr. Kolvek's argument that the indictment was defective because it did not indicate that the alleged offenses arose out of the searches of both houses.[1]

**{¶7}** Mr. Kolvek also argues that the indictment was impermissibly duplicitous because it charged multiple acts in the same count. According to Mr. Kolvek, because the charges accused him of committing offenses at both the Stanley Road house and, separately, at the Archwood Avenue house, the jury became confused about what evidence it could consider for each charge.

---

[1] We note that Mr. Kolvek did not request a bill of particulars, which would have provided more information about the location or locations where each of the offenses allegedly occurred. *See* Crim.R. 7(E).

{¶8} "Duplicity in an indictment is the joinder of two or more separate offenses in a single count." *State v. Abuhilwa*, 9th Dist. Summit No. 16787, 1995 Ohio App. LEXIS 1260, *14 (Mar. 29, 1995). "The prohibition against duplicity is geared to protect the accused's Sixth Amendment right to notice of the nature of the charge against him and prevent confusion as to the basis of the verdict." *State v. Smith*, 9th Dist. Summit No. 8869, 1978 Ohio App. LEXIS 8415 (Oct. 4, 1978); *see generally Cooksey v. State*, 752 A.2d 606, 609-618 (Md.App.2000). The fact that an indictment is duplicitous, however, does not compel its dismissal. R.C. 2941.28(B). "Instead, the trial court may sever the indictment into separate indictments or separate counts." *State v. Ward*, 9th Dist. Lorain No. 09CA009720, 2011-Ohio-518, ¶ 5. Alternatively, the court may give an instruction on unanimity to the jury. *State v. Johnson*, 46 Ohio St.3d 96, 104-105 (1989); *State v. Miller*, 9th Dist. Lorain Nos. 10CA009922, 10CA009915, 2012-Ohio-1263, ¶ 26.

{¶9} At trial, Mr. Kolvek moved to dismiss the indictment because it included offenses allegedly committed at two different locations under the same charge. When the court denied his motion, Mr. Kolvek did not request that the court sever the charge into two separate counts or request an instruction on unanimity. Severing the charge or including a unanimity instruction would have prevented juror confusion about what evidence it could consider for each offense and would have avoided the possibility that the jury's verdict would not be unanimous. *See* Crim.R. 31(A). Although Mr. Kolvek has not forfeited plain error regarding the court's failure to sever the charges or its failure to provide a unanimity instruction, he has not developed an argument in his brief that the trial court committed plain error when it failed to sever the charges or instruct the jury on unanimity. We decline to construct a plain error argument regarding those severance

and jury-instruction issues on Mr. Kolvek's behalf. Mr. Kolvek's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

KOLVEK'S SENTENCE IS INVALID, MERITING REMAND FOR A NEW SENTENCING HEARING, BECAUSE THE TRIAL COURT SENTENCED HIM FOR ALLIED OFFENSES OF SIMILAR IMPORT.

{¶10} Mr. Kolvek next argues that the trial court incorrectly failed to merge all of the charges arising out of the searches of the houses on Archwood Avenue and Stanley Road for sentencing purposes. At sentencing, the State conceded that the aggravated-possession-of-drugs count should merge with the other counts. It argued that, because illegal manufacturing only occurred at the Archwood Avenue house, but illegal assembling was alleged to have occurred at both addresses, the conduct that supported the illegal-assembly count was distinct from the illegal-manufacturing count and should not merge. In response to the State's argument, Mr. Kolvek agreed that the aggravated-possession count should merge with the other offenses. Upon review, the trial court merged the aggravated-possession count with the illegal-manufacturing count, but sentenced Mr. Kolvek separately for the illegal-assembly count.

{¶11} Revised Code Section 2941.25 "is the primary indication of the General Assembly's intent to prohibit or allow multiple punishments for two or more offenses resulting from the same conduct" and is "an attempt to codify the judicial doctrine of merger[.]" *State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, ¶ 11. It provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the

indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

R.C. 2941.25. In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, the Ohio Supreme Court interpreted Section 2941.25(B), explaining:

Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following are true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.

*Id.* at paragraph three of the syllabus. It also explained that offenses are of dissimilar import under Section 2941.25(B) if they involved "separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at paragraph two of the syllabus.

{¶12} Mr. Kolvek concedes that, because he did not argue that the illegal-assembly count that arose out of the search of the two houses should merge with the illegal-manufacturing count that arose out of the search of the Archwood Avenue house, he is limited to arguing plain error on appeal. Under a plain error review, any mistake by the trial court regarding allied offenses "is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice." *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 3. Mr. Kolvek "has the burden to demonstrate a reasonable probability that [his] convictions are for allied offenses of similar import committed with the same conduct and without a separate animus[.]" *Id. But see State v. Cepec*, 149 Ohio St.3d 438, 2016-Ohio-8076, ¶ 67 (explaining that, to constitute plain error, "[t]he alleged error must have 'substantially affected the outcome of the trial,' such that 'but for the error, the outcome of the trial clearly would have been otherwise[.]'"), quoting *State v. Slagle*, 65 Ohio St.3d 597, 605 (1992); *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph two of the syllabus.

{¶13} Mr. Kolvek argues that, because the illegal-assembly count encompassed the activities that occurred at both addresses, it is impossible to know whether the jury found him guilty of illegal assembly for the same conduct that supported the illegal-manufacturing count or because of the conduct that was alleged to have occurred at the Stanley Road house. Because it cannot be determined from the record which evidence the jury relied on, he argues that there is a reasonable probability that the jury found that the offenses were committed with the same conduct and same animus.

{¶14} In his brief, Mr. Kolvek notes that police found material and apparatus used in the manufacturing of methamphetamine at the Stanley Road house, including empty blister packs and boxes of Sudafed cold medication, empty solvent cans, tubing, a funnel, white plastic containers, naphta, and batteries that had been opened and stripped of their lithium. He has not argued that there was insufficient evidence to find him guilty of committing illegal assembly or possession of chemicals for the manufacture of drugs in connection with the Stanley Road house. He also does not challenge the proposition that, if the jury found that such activity occurred at the Stanley Road house, it would constitute separate conduct under Section 2941.25(B) from the illegal activity that occurred at the Archwood Avenue house.

{¶15} Because the evidence supports a finding that Mr. Kolvek committed illegal assembly at the Stanley Road house, we cannot say that there is a "reasonable probability" that his convictions for counts one and two were committed with the same conduct and without a separate animus. *Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, at ¶ 3. Mr. Kolvek, therefore, has failed to establish that it was plain error for the trial court to sentence him for both offenses or that reversal of his sentence is necessary to correct a manifest miscarriage of justice. Mr. Kolvek's second assignment of error is overruled.

ASSIGNMENT OF ERROR III

MR. KOLVEK'S DUE PROCESS RIGHTS WERE ABROGATED BY THE IMPROPER JOINDER OF THE APRIL 2015 AND MAY 2015 INDICTMENTS FOR TRIAL, MERITING REVERSAL.

{¶16} Mr. Kolvek next argues that the trial court incorrectly consolidated for trial the indictment arising out of the search of the two houses with the indictment arising out of his attempted purchase of Sudafed a few days later. According to Mr. Kolvek, the acts were not part of a common scheme or plan and their consolidation prejudiced him. Specifically, he notes that there was only circumstantial evidence tying him to the two methamphetamine labs. When he was arrested in connection with his attempted purchase of Sudafed, however, there were packages of the drug, which contains an ingredient used in the manufacturing of methamphetamine, near him in the vehicle. Mr. Kolvek's prejudice argument appears to be that, because he had Sudafed near him when he was arrested and he was planning on trading that Sudafed for methamphetamine, it made it more likely that the jury would believe the circumstantial evidence connecting him to the methamphetamine labs that were discovered at the Archwood Avenue and Stanley Road houses. He concedes that, because he did not move to sever the trial of his cases, this Court's review is for plain error.

{¶17} "The law favors joinder." *State v. Carr*, 9th Dist. Summit No. 26661, 2014-Ohio-806, ¶ 7. Notwithstanding that policy, Criminal Rule 14 provides that, "[i]f it appears that a defendant * * * is prejudiced by a joinder of offenses * * *, the court shall order an election or separate trial of [the] counts * * *." To prevail on a claim that the trial court erred in denying a motion to sever, the defendant normally "has the burden of demonstrating three facts." *State v. Schaim*, 65 Ohio St.3d 51, 59 (1992).

> He must affirmatively demonstrate (1) that his rights were prejudiced, (2) that at the time of the motion to sever he provided the trial court with sufficient

information so that it could weigh the considerations favoring joinder against the defendant's right to a fair trial, and (3) that given the information provided to the court, it abused its discretion in refusing to separate the charges for trial.

*Id*. "If a defendant did not file a Crim.R. 14 motion in the trial court, however, we review claims of prejudicial joinder for plain error." *State v. Spaulding*, __ Ohio St.3d __, 2016-Ohio-8126, ¶ 64. "To prevail under this standard, the defendant must establish that an error occurred, it was obvious, and it affected his or her substantial rights." *Id*. In addition, an appellate court will take notice of the error "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Id.*, quoting *Long*, 53 Ohio St.2d 91, paragraph three of the syllabus.

{¶18} The State can overcome a defendant's claim that he was prejudiced by the joinder of offenses by showing that it could have introduced evidence of the joined offenses as "other acts" evidence under Evidence Rule 404(B). *Id*. at ¶ 62. It can also overcome a claim of prejudice if the evidence of each crime was simple and direct, such that "the jury is believed capable of segregating the proof on each charge." *State v. Roberts*, 62 Ohio St.2d 170, 175 (1980).

{¶19} Upon review of the record, we conclude that Mr. Kolvek was not prejudiced by the joinder of the indictments because the evidence of the two incidents was simple and direct. As the State notes, the evidence pertaining to the search of the two houses involved different dates, locations, and witnesses. Any prejudice to Mr. Kolvek was not so obvious as to constitute plain error that this Court must notice to prevent a manifest miscarriage of justice. Mr. Kolvek's third assignment of error is overruled.

ASSIGNMENT OF ERROR IV

THE TRIAL COURT ANNOUNCED A DIFFERENT SENTENCE IN ITS JOURNAL ENTRIES IN KOLVEK'S 2010 CASES THAN IT DID DURING

HIS SENTENCING HEARING, VIOLATING HIS RIGHT TO DUE PROCESS
AND MANDATING REVERSAL FOR A NEW SENTENCING HEARING.

{¶20} Mr. Kolvek also argues that the trial court incorrectly sentenced him for his community control violations. According to Mr. Kolvek, the sentence that the trial court announced at his sentencing hearing is different than the one that it wrote in its journal entries. He notes that, at the sentencing hearing, the court told Mr. Kolvek that, for his violations of community control, he would be required "to serve whatever may remain of the time previously imposed[.]" According to Mr. Kolvek, because he had already served about two and a half years of those prison terms, he had about four years remaining. In its sentencing entry, however, the court re-imposed the entire sentence that the court originally imposed, which, according to Mr. Kolvek, will require him to serve another six years for the prior offenses.

{¶21} When a court grants a motion for judicial release, it reserves the "right to reimpose the sentence that it reduced if the offender violates the sanction." R.C. 2929.20(K). That language has been construed strictly, such that it is "error for a trial court, after revoking judicial release, to impose a greater or lesser sentence than the original sentence." *State v. Thompson*, 3d Dist. Crawford Nos. 3-16-01, 3-16-12, 2016-Ohio-8401, ¶ 13. Although Mr. Kolvek is entitled to credit for the time he already served for those offenses, the trial court acted in accordance with Section 2929.20(K) when it reimposed the same sentences for his prior offenses. *See State v. Wiley*, 148 Ohio App.3d 82, 84 (9th Dist. 2002). The trial court's statement at the sentencing hearing that Mr. Kolvek would serve the remainder of his time for his prior offenses, in other words, the original terms less time served, is not inconsistent with the language in the court's sentencing entries. Mr. Kolvek's fourth assignment of error is overruled.

ASSIGNMENT OF ERROR V

THE TRIAL COURT COMMITTED PLAIN ERROR BY IMPOSING A
VAGUE RESTITUTION ORDER UPON KOLVEK WITHOUT PREVIOUSLY
HOLDING A HEARING, REQUIRING REMAND FOR RESENTENCING.

**{¶22}** Mr. Kolvek's final argument is that the trial court failed to determine the amount of victim restitution he should pay and failed to determine whether he had the ability to pay the amount. At oral argument, however, Mr. Kolvek conceded that his argument is foreclosed by this Court's decision in *State v. Moreland*, 9th Dist. Summit No. 27910, 2016-Ohio-7588. In light of his concession, Mr. Kolvek's fifth assignment of error is overruled.

III.

**{¶23}** Mr. Kolvek's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____

JENNIFER HENSAL
FOR THE COURT

CALLAHAN, J.
CONCURS.

CARR, J.
CONCURRING IN PART, AND DISSENTING IN PART.

{¶24} I concur in judgment only with respect to the first assignment of error. At the heart of Kolvek's first assignment of error is his assertion that the indictment was duplicitous. "Pursuant to Crim.R. 12(C)(2), objections based on defects in the indictment must be raised prior to trial." *State v. Ward*, 9th Dist. Lorain No. 09CA009720, 2011-Ohio-518, ¶ 7. Like the circumstances this Court confronted in *Ward*, Kolvek did not request a bill of particulars in this case, nor did he raise a duplicity challenge to the indictment prior to trial. *See id*. Thus, Kolvek forfeited the issue. While Crim.R. 12(H) provides that a trial court may grant relief from forfeiture for good cause shown, this Court has held that a trial court's failure to do so will be reviewed under a plain error standard of review. *Ward* at ¶ 7, citing *State v. Noling*, 98 Ohio St.3d 44, 2002-Ohio-7044, ¶ 61-62. Here, Kolvek has not demonstrated that the result below would have been different but for the alleged error. *See* Crim.R. 52(B).

{¶25} I respectfully dissent with respect to the fourth assignment of error. Upon review of the record, it is apparent that at the time the trial court initially sentenced Kolvek in 2010, it ordered all of the sentences to run consecutively. As noted by the majority, when a trial court re-imposes sentences after revoking judicial release, it should order the same sentences that were

originally imposed. *See State v. Thompson*, 3d Dist. Crawford Nos. 3-16-01, 3-16-12, 2016-Ohio-8401, ¶ 13. Though the trial court was required to run Kolvek's sentences consecutive to each other, it appears the trial court ordered that Kolvek's sentences in CR 2010 06 1617 and CR 2010 06 1617 be served concurrently with each other and consecutive to the other sentences. While Kolvek did not raise this specific issue in his appellate brief, he did raise a challenge to the sentence imposed by the trial court in his fourth assignment of error. I would reverse and remand for the trial court to correct this error.

APPEARANCES:

JACQUENETTE S. CORGAN, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.