[Cite as *State v. Kolvek*, 2023-Ohio-4402.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

ROBERT KOLVEK

    Appellant

C.A. Nos.   30674
                 30675
                 30676

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.   CR 10 03 0633(A)
                 CR 10 06 1617
                 CR 10 10 2988(A)

DECISION AND JOURNAL ENTRY

Dated: December 6, 2023

CARR, Judge.

{¶1}    Appellant, Robert Kolvek, appeals, pro se, the judgment of the Summit County Court of Common Pleas. This Court affirms in part, reverses in part, and remands for further proceedings.

I.

{¶2}    In 2010, the Summit County Grand Jury returned three separate indictments against Kolvek charging him with a litany of offenses. Kolvek ultimately reached a plea agreement with the State where a number of the charges were dismissed. In Case No. 2010-03-0633(A), Kolvek pleaded guilty to one count of illegal manufacture of drugs along with an attendant criminal forfeiture specification. In Case No. 2010-06-1617, Kolvek pleaded guilty to one count of aggravated possession of drugs with an attendant criminal forfeiture specification. In Case No.

2010-10-2988(A), Kolvek pleaded guilty to one count of illegal manufacture of drugs. The trial court imposed an aggregate prison sentence of three years and six months in the three cases.

{¶3} After a hearing on August 6, 2013, the trial court granted Kolvek's motion for early release and placed him on a 24-month period of community control that extended through August 6, 2015.

{¶4} Thereafter, on May 5, 2015, Kolvek appeared before the trial court on a charge of violating the terms and conditions of his community control. Kolvek entered a plea of not guilty to the community control violation. Around that time, the Summit County Grand Jury returned an indictment charging him with several drug-related offenses in Case No. 2015-04-1206(B). Shortly thereafter, the grand jury returned a separate indictment charging Kolvek with illegal assembly or possession of chemicals for the manufacture of drugs in Case No. 2015-05-1474(A). The newly indicted charges were consolidated for trial and a jury found Kolvek guilty of the offenses. The trial court imposed a total of 12 years imprisonment.

{¶5} In light of the jury verdicts in Case No. 2015-04-1206(B) and Case No. 2015-05-1474(A), the trial court found that Kolvek violated the terms and conditions of community control in his three prior cases. After a hearing on January 26, 2016, the trial court reimposed a three-year term of incarceration in Case No. 2010-03-0633(A). In Case No. 2010-06-1617, the trial court imposed a nine-month term of incarceration. In regard to Case No. 2010-10-2988(A), the trial court imposed a three-year term of incarceration. The trial court further ordered that the prison terms in Case No. 2010-03-0633(A), Case No. 2010-06-1617, and Case No. 2010-10-2988(A) were to be served consecutively to each other, as well consecutively to the prison terms imposed in Kolvek's two more recent cases. The sentencing entries pertaining to the community control violations were issued on January 29, 2016.

{¶6}    Kolvek appealed and raised a number of challenges to his convictions in Case No. 2015-04-1206(B) and Case No. 2015-05-1474(A), as well as the sentences imposed for the community control violations in Case No. 2010-03-0633(A), Case No. 2010-06-1617, and Case No. 2010-10-2988(A). *State v. Kolvek*, 9th Dist. Summit Nos. 28141, 28142, 28143, 28144, 28145, 2017-Ohio-9137. This Court overruled Kolvek's assignments of error and affirmed the trial court's judgments. *Id*. at ¶ 23.

{¶7}    In December 2020, Kolvek filed two motions challenging the sentences imposed after he violated community control. Kolvek filed a motion to vacate void sentences in Case No. 2010-03-0633(A), Case No. 2010-06-1617, and Case No. 2010-10-2988(A). In support of his motion, Kolvek argued that the trial court lacked jurisdiction to reimpose his sentences for violating community control because he had already completed the 24-month community control period by the time he was sentenced on January 29, 2016. Kolvek also filed a motion to vacate court costs in Case No. 2010-06-1617 and Case No. 2010-10-2988(A), arguing that the trial court mistakenly ordered the payment of court costs in its January 29, 2016 sentencing entries.

{¶8}    In denying the requested relief, the trial court found that Kolvek's motion to vacate his sentence constituted an untimely petition for post-conviction relief. The trial court also found that Kolvek's motion pertaining to court costs lacked merit.

{¶9}    On appeal, Kolvek raises five assignments of error.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT RECLASSIFIED APPELLANT'S MOTION TO VACATE A VOID SENTENCE AS AN UNTIMELY PETITION FOR POST CONVICTION RELIEF BECAUSE APPELLANT'S MOTION DID NOT ALLEGE A DENIAL OF A CONSTITUTIONAL RIGHT AS REQUIRED BY [R.C.] 2953.21.

{¶10} In his first assignment of error, Kolvek argues that the trial court erred in construing his motion to vacate his sentence as a petition for post-conviction relief because he did not allege the denial of a constitutional right. This Court agrees.

{¶11} Kolvek contends that he was denied a substantive ruling on his motion to vacate when the trial court erroneously construed the motion as an untimely petition for post-conviction relief. The Ohio Supreme Court has held that a motion, despite its caption, may be construed as a petition for post-conviction relief under R.C. 2953.21(A)(1) when the motion: (1) is filed subsequent to a direct appeal; (2) claims a denial of constitutional rights; (3) seeks to render the judgment void; and (4) asks for a vacation of the judgment and sentence. *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997). A careful review of Kolvek's motion reveals that he argued that the trial court was without jurisdiction to impose prison sentences for the community control violation in January 2016 because the 24-month period of community control had already expired by that time. Notably, while Kolvek challenged whether the trial court had authority to impose sentence, he did not raise an argument based on a constitutional right. Accordingly, the trial court erred in construing Kolvek's motion as an untimely petition for post-conviction relief. It follows that this matter must be remanded for the trial court to address the merits of Kolvek's motion in the first instance. *See Williams v. Kisling, Nestico, & Redick, LLC*, 9th Dist. Summit Nos. 29630, 29636, 2022-Ohio-1044, ¶ 37 ("This Court functions as a court of review and we exceed the scope of our authority when we analyze issues in the first instance that have not first been addressed by the trial court").

{¶12} This Court is aware that, near the end of the trial court's journal entry, the court speculated that it would likely deny Kolvek's motion if it considered it on the merits due to the timing of when Kolvek was charged with violating community control. Undertaking appellate

review based on this speculative statement would be inconsistent with the trial court's principal determination that it lacked jurisdiction to consider Kolvek's motion because the motion constituted an untimely petition for post-conviction relief. Moreover, the trial court's observation did not account for several of the arguments that Kolvek made in support of his motion to vacate, including an argument pertaining to the calculation of time served under incarceration. Under these circumstances, we are compelled to sustain Kolvek's first assignment of error.

{¶13} Kolvek's first assignment of error is sustained.

### ASSIGNMENT OF ERROR II

BECAUSE APPELLANT'S SENTENCE WAS COMPLETELY SERVED, THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING A SENTENCE ON THE APPELLANT WHEN THE COURT LACKED THE REQUIRED SUBJECT MATTER JURISIDICTION.

### ASSIGNMENT OF ERROR III

WHERE THE TRIAL COURT LACKS JURISDICTION TO IMPOSE AN INCREASED SENTENCE ON APPELLANT FOR A VIOLATION OF JUDICIAL RELEASE (COMMUNITY CONTROL), ARE THE NEW JOURNAL ENTRIES FOR THE INCREASED SENTENCES VOID AB INITIO[.]

### ASSIGNMENT OF ERROR IV

RATHER THAN REIMPOSING THE SUSPENDED SENTENCE PER JUDICIAL RELEASE R.C. 2929.20(K), THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT INCREASED THE PUNISHMENT OF A VALID SENTENCE[.]

{¶14} Kolvek raises three additional assignments of error pertaining to the trial court's ruling on his motion to vacate his sentence. In light of this Court's resolution of Kolvek's first assignment of error, this Court declines to address his second, third, and fourth assignments of error as they have been rendered moot. *See* App.R. 12(A)(1)(c).

### ASSIGNMENT OF ERROR V

THE TRIAL COURT ABUSED ITS[] DISCRETION BY NOT ISSUING NUNC PRO TUNC ENTRIES TO THE JANUARY 26, 2016 JOURNAL ENTRIES FOR

CASE NOS. 2010-06-1617 AND 2010-10-2988(A) THAT WOULD VACATE THE COURT COSTS IN THOSE ENTRIES BECAUSE THE TRIAL COURT DID NOT IMPOSE COURT COSTS DURING THE SENTENCING HEARING[.]

**{¶15}** In his fifth assignment of error, Kolvek argues that the trial court erred in denying his motion to vacate court costs. This Court disagrees.

**{¶16}** In Kolvek's motion to vacate court costs, which was filed in 2020, Kolvek asked the trial court to issue nunc pro tunc orders in relation to the 2016 sentencing entries that were issued in Case No. 2010-06-1617 and Case No. 2010-10-2988. Kolvek argued that the imposition of court costs in the 2016 sentencing entries was a clerical error given the court costs had been waived in the original sentencing entries issued in 2011. The trial court denied Kolvek's motion on the basis that he had failed to demonstrate that the trial court erred in imposing courts costs in 2016.

**{¶17}** Kolvek's argument pertaining to court costs is barred by the doctrine of res judicata because he could have raised the issue in a prior appeal. *See Kolvek*, 2017-Ohio-9137. This Court has held that when an appellant could have raised an argument pertaining to court costs in a prior appeal, a subsequent claim that the trial court erred in imposing court cost is not "exempt from the preclusive effect of res judicata." *State v. Occhipinti*, 9th Dist. Lorain No. 15CA010787, 2016-Ohio-1286, ¶ 5-6. Accordingly, Kolvek is barred from challenging the trial court's order of court costs at this time.

**{¶18}** Kolvek's fifth assignment of error is overruled.

III.

**{¶19}** Kolvek's first assignment of error is sustained. Kolvek's fifth assignment of error is overruled. This Court declines to address Kolvek's second, third, and fourth assignments of error as they have been rendered moot. The judgment of the Summit County Court of Common

Pleas is affirmed in part and reversed in part and the cause is remanded for further proceedings consistent with this decision.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

ROBERT KOLVEK, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.