[Cite as *State v. Kolvek*, 2024-Ohio-4473.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

ROBERT KOLVEK

    Appellant

C.A. Nos.    31023, 31024, 31025

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.    CR 10 03 0633(A)
                CR 10 06 1617
                CR 10 10 2988(A)

DECISION AND JOURNAL ENTRY

Dated: September 11, 2024

FLAGG LANZINGER, Judge.

{¶1} Robert Kolvek appeals from the judgment of the Summit County Court of Common Pleas that denied his motion to vacate a void sentence. For the following reasons, this Court reverses the decision of the trial court, and remands the matter with instructions for the trial court to vacate its January 29, 2016, judgment entries that it had no jurisdiction to issue.

I.

{¶2} This Court set forth the procedural history of this case in two prior decisions: *State v. Kolvek*, 2017-Ohio-9137 (9th Dist.) ("*Kolvek I*") and *State v. Kolvek*, 2023-Ohio-4402 (9th Dist.) ("*Kolvek II*"). This Court will summarize the relevant facts.

{¶3} In 2011, Kolvek reached a plea agreement with the State related to charges from 3 separate criminal indictments (the "Original Cases"). *Kolvek II* at ¶ 2. The trial court held a sentencing hearing on January 10, 2011, wherein it sentenced Kolvek to prison terms of 3 years, 3

years, and 6 months, respectively. The trial court ordered the 3-year prison terms to run concurrently, and consecutive to the 6-month prison term. Thus, the trial court imposed an aggregate prison term of 3 years and 6 months in the Original Cases.[1] *Id.* In subsequent journal entries, the trial court determined that Kolvek was entitled to 101 days of jail-time credit for time served in the Summit County Jail prior to being sentenced. The record indicates that Kolvek's original release date was March 31, 2014.

{¶4} The trial court granted Kolvek judicial release effective August 6, 2013. *Id.* at ¶ 3. In doing so, the trial court placed Kolvek on community control for a period of 24 months extending through August 6, 2015. *Id.* According to Kolvek, 237 days remained of his prison sentence as of August 7, 2013, which the trial court suspended after granting him judicial release. The State has not disputed Kolvek's calculation.

{¶5} On May 5, 2015–prior to the expiration of his community control–Kolvek pleaded not guilty to a charge of violating the terms and conditions of community control. *Id.* at ¶ 4. The community-control violation was based upon the fact that Kolvek was charged in two separate criminal cases (the "New Cases") for drug-related offenses. The trial court consolidated the New Cases for trial, and a jury found Kolvek guilty of the offenses. *Id.* The trial court sentenced Kolvek to an aggregate prison term of 12 years for the New Cases. *Id.*

{¶6} In light of the jury verdicts in the New Cases, the trial court found that Kolvek violated the terms and conditions of his community control in the Original Cases. *Id.* at ¶ 5. As a result, the trial court held a hearing regarding the reimposition of Kolvek's reduced sentence. *See*

---

[1] The State asserts in its brief that the trial court imposed an aggregate prison term of 3 years and 9 months. That is incorrect. While the sentencing entry initially reflected a 9-month prison sentence in one of the cases, the trial court journalized a nunc pro tunc entry on March 10, 2011, that corrected that sentence to 6 months.

R.C. 2929.20(K) (providing that, if a court grants judicial release, the court "shall reserve the right to reimpose the sentence that it reduced if the offender violates the [community-control] sanction."). The trial court held the reimposition hearing on January 26, 2016. During the reimposition hearing, the trial court stated:

> The Court is going to cancel the Community Control imposed with respect to [the Original Cases] and to require [Kolvek] to serve whatever may remain of the time previously imposed on [the Original Cases]. I have not done a calculation, but I suspect [Kolvek] probably served most all of the time on [the Original Cases] and the Department of Rehabilitation & Corrections will make the final calculation taking into consideration the 270 days [Kolvek has] served since the date of [his] arrest on the [New Cases] here in Summit County.

The trial court summarized Kolvek's sentence as 12 years for the New Cases "[p]lus what remains on the [Original Cases]."

{¶7} The trial court memorialized its judgment in entries dated January 29, 2016. *Id.* at ¶ 5. Those entries reflect that the trial court "re-impos[ed]" Kolvek's prison terms of 3 years, 3 years, and 6 months,[2] respectively. The entries also indicate that the trial court ordered all three sentences to run consecutively for an aggregate prison term of 6 years and 6 months. The trial court's January 29, 2016, entries also indicate that the trial court ordered those sentences to run first, and consecutively to the 12-year prison term imposed in the New Cases. The entries further indicate that Kolvek was entitled to 270 days of jail-time credit as of the date of the reimposition hearing (i.e., January 26, 2016).

{¶8} Kolvek appealed the trial court's judgment in *Kolvek I.* Kolvek argued, in part, that the trial court's January 29, 2016, entries "re-imposed the entire sentence that the court originally imposed" without giving him credit for time he had already served prior to judicial release. *Kolvek*

---

[2] In *Kolvek II*, this Court indicated that the trial court imposed a 9-month prison term for one of the cases. *Kolvek II* at ¶ 5. The trial court, however, journalized a nunc pro tunc entry on March 1, 2016, that corrected its January 29, 2016, entry to reflect a prison term of 6 months.

*I*, 2017-Ohio-9137, at ¶ 20 (9th Dist.). Kolvek argued that this was inconsistent with the trial court's pronouncement at the reimposition hearing that he would be required "to serve whatever may remain of the time previously imposed[.]" *Id.* This Court disagreed, explaining:

> When a court grants a motion for judicial release, it reserves the "right to reimpose the sentence that it reduced if the offender violates the sanction." R.C. 2929.20(K). That language has been construed strictly, such that it is "error for a trial court, after revoking judicial release, to impose a greater or lesser sentence than the original sentence." . . . Although Mr. Kolvek is entitled to credit for the time he already served for those offenses, the trial court acted in accordance with Section 2929.20(K) when it reimposed the same sentences for his prior offenses . . . The trial court's statement at the sentencing hearing that Mr. Kolvek would serve the remainder of his time for his prior offenses, in other words, the original terms less time served, is not inconsistent with the language in the court's sentencing entries.

*Kolvek I* at ¶ 20. Thus, according to this Court's decision in *Kolvek I*, the trial court reimposed its original sentence in the Original Cases, less the time Kolvek had already served prior to judicial release (and less the 270 days of jail-time credit reflected in the trial court's entries).[3]

---

[3] A close review of the entries journalized on January 29, 2016, indicates that the trial court ordered all of the prison terms from the Original Cases (i.e., 3 years, 3 years, and 6 months, respectively) to run consecutively for an aggregate prison term of 6 years and 6 months, which was inconsistent with its initial sentence wherein the trial court ordered the 3-year prison terms to run concurrently (and consecutive to the 6-month prison term) for an aggregate prison term of 3 years and 6 months. It appears that Kolvek did not raise that issue in *Kolvek I*.

The separate opinion in *Kolvek I* acknowledged this inconsistency. In doing so, however, the separate opinion stated that "at the time the trial court initially sentenced Kolvek in 2010 [sic.], it ordered all of the sentences to run consecutively." *Id.* at ¶ 25 (Carr, J., concurring in part, and dissenting in part). That is only partially accurate. As noted, the trial court initially sentenced Kolvek to 2 3-year prison terms, which it ran *concurrently*, but consecutive to a 6-month prison term. As this Court subsequently acknowledged in *Kolvek II*, "the trial court imposed an aggregate prison sentence of three years and six months in the [Original Cases.]" *Kolvek II*, 2023-Ohio-4402, at ¶ 2.

The separate opinion then noted that "[t]hough the trial court was required to run Kolvek's sentences consecutive to each other, it appears the trial court ordered that Kolvek's sentences in CR 2010 06 1617 and CR 2010 06 1617 [i.e., two of the Original Cases] be served concurrently with each other and consecutive to the other sentences." *Id.* at ¶ 25. That language, however, contains a typographical error as well as an inaccurate reflection of the sentence the trial court reimposed after revoking Kolvek's judicial release.

{¶9}     In December 2020, Kolvek moved to vacate the sentences the trial court reimposed in the Original Cases after he violated community control.  *Kolvek II*  at ¶ 7.  As this Court previously stated, "[i]n support of his motion, Kolvek argued that the trial court lacked jurisdiction to reimpose his sentences for violating community control because he had already completed the 24-month community control period by the time he was sentenced on January 29, 2016."  *Id.*

{¶10}     Alternatively, Kolvek argued that the trial court lacked jurisdiction because he had served the remaining portion of his suspended sentence while awaiting trial for the New Cases.  In support of his argument, Kolvek asserted that the trial court imposed its sentences in the Original Cases during the sentencing hearing on January 10, 2011 (memorialized in a sentencing entry journalized on January 14, 2011).  The trial court then granted Kolvek judicial release on August 6, 2013.  According to Kolvek, by that time he had served about 35 months of his 42-month (or, 3.5-year) sentence.

---

Regarding the typographical error, the language above ostensibly refers to two separate cases, but it contains the same two case numbers (i.e., CR 2010 06 1617).  It also indicates that, after revoking judicial release, the trial court ordered two sentences to run concurrently, which is not accurate.  In fact, the opposite occurred.

The January 29, 2016, entries (and subsequent nunc pro tunc entry) reflect that the trial court ordered all of the sentences from the Original Cases (3 years, 3 years, and 6 months, respectively) to run consecutively for an aggregate prison term of 6 years and 6 months, and consecutive to the aggregate 12-year sentence imposed in the New Cases.  Thus, while the separate opinion was correct in that the trial court did not reimpose the sentence it originally imposed (as it was required to do after revoking judicial release), it did not accurately reflect the discrepancy.

In the instant appeal, Kolvek addresses the fact that the trial court initially ordered the 3-year prison terms to run concurrently in 2011, but then ordered them to run consecutively when it reimposed the sentence in 2016.  Kolvek, however, specifically states that this is "NOT AN ISSUE PRESENTED IN THIS APPEAL[,]" and characterizes the apparent error as an "inadvertent clerical error . . . ."  (Emphasis in original.)  As explained in this Court analysis of Kolvek's assignment of error, however, a trial court's imposition of a greater sentence after revoking judicial release is reversible error.

**{¶11}** Kolvek asserted that he was arrested on unrelated charges on May 2, 2015, and that he remained in the Summit County jail until after the trial court sentenced him on January 26, 2016. Kolvek asserted that, as of May 2, 2015, he had 237 days remaining of his prison sentence for the Original Cases, meaning that his sentence was set to expire on December 25, 2015.[4] Kolvek concluded that, because his prison term ended by the time the trial court reimposed his sentence on January 26, 2016, the trial court's attempted reimposition of his sentence was void for lack of jurisdiction.

**{¶12}** The trial court denied Kolvek's motion to vacate, concluding that it was an untimely petition for post-conviction relief. *Id.* at ¶ 8. On appeal, this Court held that the trial court erred by construing Kolvek's motion as an untimely petition for post-conviction relief because Kolvek did not allege a denial of a constitutional right. *Id.* at ¶ 10-11. In doing so, we noted that the trial court did not consider the merits of Kolvek's motion to vacate, including his "argument pertaining to the calculation of time served under incarceration." *Id.* at ¶ 12. We, therefore, remanded the matter for the trial court to address the merits of Kolvek's motion in the first instance. *Id.* at ¶ 11.

**{¶13}** After this Court issued its decision, Kolvek filed an addendum to his motion to vacate with the trial court. In it, Kolvek emphasized that neither the State nor the trial court had addressed the alternative argument presented in his motion to vacate. Specifically, Kolvek asserted that neither the State nor the trial court addressed his argument that the trial court lacked jurisdiction to reimpose his sentence because he had completely served his prison sentence from the Original Cases by the time the trial court attempted to reimpose his sentence in January 2016.

---

[4] In his motion to vacate, Kolvek argued that 236 (not 237) days remained, which was set to expire on December 23, 2015 (not December 25, 2015). Subsequently, Kolvek filed an addendum to his motion to vacate wherein he indicated that 237 days remained, which was set to expire on December 25, 2015. Kolvek asserted that 2012 was a leap year, which accounted for the extra day. On appeal, Kolvek again uses latter calculation.

{¶14} Additionally, Kolvek's addendum to his motion to vacate indicated that, at the reimposition hearing on January 26, 2016, the trial court specifically stated that Kolvek had served 270 days in jail since his arrest related to the New Cases. Kolvek asserted that the trial court did so while explaining to him that he would be required to serve whatever time remained in the previously imposed sentences for the Original Cases, less any credit for time served. This is reflected in the trial court's January 29, 2016, entries wherein the trial court indicated that Kolvek "is given aggregate credit for 270 days served in the Summit County Jail as of the date of sentencing, January 26, 2016."

{¶15} On remand, the trial court held that it had retained jurisdiction to reimpose the sentences from the Original Cases in January 2016 because the revocation proceedings commenced on or before May 5, 2015 (i.e., when Kolvek pleaded not guilty to the community-control violation), which was before the 24-month period of community control was set to expire on August 6, 2015.

{¶16} The trial court then acknowledged Kolvek's alternative argument that it lacked jurisdiction to reimpose Kolvek's sentence because the originally imposed sentences in the Original Cases expired in December 2015, about one month prior to the reimposition hearing in January 2016. The trial court then cited case law regarding the inaccurate determination of jail-time credit. The trial court concluded that, even if there was an issue regarding Kolvek's jail-time credit, it could not provide Kolvek relief. The trial court reiterated that, "[b]ecause the [community-control] violation occurred while Defendant was on community control, the Court had authority to conduct the violation hearing after Defendant's term of community control ended."

{¶17} Based upon the foregoing, the trial court denied Kolvek's motion to vacate. Kolvek now appeals, raising one assignment of error for this Court's review.

II.

ASSIGNMENT OF ERROR

BECAUSE APPELLANT'S SENTENCE WAS COMPLETELY SERVED, THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING A SENTENCE ON THE APPELLANT WHEN THE COURT LACKED THE REQUIRED SUBJECT-MATTER JURISDICTION.

{¶18} In his assignment of error, Kolvek argues that the trial court lacked jurisdiction to reimpose his suspended sentence because he had already completed his sentence by the time the trial court reimposed his sentence in January 2016. For the following reasons, this Court agrees.

{¶19} The Ohio Supreme Court has held that "[a] sentence is void when a sentencing court lacks jurisdiction over the subject matter of the case or personal jurisdiction over the accused." *State v. Harper*, 2020-Ohio-2913, ¶ 42. If a defendant has completed his entire prison sentence, then a trial court no longer has jurisdiction to modify the defendant's sentence. *State v. Brasher*, 2021-Ohio-1688, ¶ 21 (12th Dist.), citing *State v. Holdcroft*, 2013-Ohio-5014. Thus, if a trial court attempts to issue a sentencing entry after the defendant has served his entire sentence, the sentencing entry is void. *Id.*, citing *State v. Harper*, 2020-Ohio-2913 and *State v. Holdcroft*, 2013-Ohio-5014. Even if a defendant has not completed his entire prison sentence, a trial court "unambiguously lacks jurisdiction" to reconsider its own final judgments in criminal cases, including attempting to modify a defendant's sentence. *Allen v. Spitler*, 2023-Ohio-2525, ¶ 19 (9th Dist.).

{¶20} In his merit brief, Kolvek argues that his appeal solely focuses on the alternative argument made in his motion to vacate. Specifically, Kolvek argues that the trial court lacked jurisdiction to reimpose his suspended sentence because he had already served his entire sentence

from the Original Cases by the time the trial court reimposed his sentence in January 2016. Kolvek argues that, despite referencing his alternative argument in its judgment entry denying his motion to vacate, the trial court failed to address its merits. Kolvek asserts that neither the trial court nor the State has taken issue with the calculations set forth in his motion to vacate, nor has the State or the trial court disputed that he served his entire sentence from the Original Cases by the time the trial court reimposed his sentence on January 26, 2016. Additionally, Kolvek emphasizes that he is not challenging–nor has he ever challenged–the jail-time credit he received as reflected in the record.

{¶21} While the State does not concede the point, it argues that–even if Kolvek's argument has merit–the expiration of his sentence renders the issue moot because no relief can be granted. In response, Kolvek argues that the issue is not moot because if the January 29, 2016, entries related to the Original Cases are vacated, then the 270 days of jail-time credit he is entitled to would be credited toward his 12-year sentence for the New Cases.

{¶22} This Court's review of the record indicates that, by the time the trial court reimposed Kolvek's sentence in January 2016, the suspended portion of his sentence in the Original Cases had expired. Consequently, the trial court had no jurisdiction to reimpose Kolvek's sentence, and the January 29, 2016 entries related to the Original Cases are void. *Brasher*, 2021-Ohio-1688; *Harper*, 2020-Ohio-2913; *Holdcroft*, 2013-Ohio-5014. Moreover, the trial court lacked jurisdiction to modify Kolvek's sentence because a trial court "has no authority to reconsider its own valid final judgments in criminal cases." *Allen*, 2023-Ohio-2525, at ¶ 13, quoting *State ex rel. Hansen v. Reed*, 63 Ohio St.3d 597, 599 (1992).

{¶23} Even if the trial court had jurisdiction to reimpose Kolvek's sentence, this Court's review of the record indicates that, by ordering the 3-year prison terms to run consecutively (rather

than concurrently as it did when it initially sentenced Kolvek), the trial court erroneously imposed a greater sentence than it originally imposed. *Kolvek I*, 2017-Ohio-9137, at ¶ 21 (9th Dist.), quoting *State v. Thompson*, 2016-Ohio-8401, ¶ 13 (3d Dist.) (acknowledging that it is "error for a trial court, after revoking judicial release, to impose a greater or lesser sentence than the original sentence."); R.C. 2929.20(K). Specifically, the trial court increased Kolvek's aggregate prison term from 3 years and 6 months to 6 years and six months, almost doubling Kolvek's original sentence.

{¶24} If a trial court erroneously imposes a greater sentence than the original sentence, then the matter must be remanded for resentencing. *See State v. Wiley*, 2002-Ohio-460, ¶ 12-15 (9th Dist.) (remanding the matter for resentencing because the trial court imposed a greater sentence than the original sentence, in violation of R.C. 2929.20); *State v. Nixon*, 2019-Ohio-4321, ¶ 11 (11th Dist.), citing *State v. McConnell*, 2001-Ohio-2129 (3d Dist.) (providing that the "remedy for court's error in sentencing following revocation of judicial release is to reverse and remand for resentencing and reinstatement of original prison term"). Here, however, the trial court lacks jurisdiction to reimpose Kolvek's sentence because the prison sentence initially imposed in the Original Cases has expired.

{¶25} In light of the foregoing, Kolvek's assignment of error is sustained.

III.

{¶26} Kolvek's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed, and the matter is remanded with instructions for the trial court to vacate its January 29, 2016, judgment entries that it had no jurisdiction to issue.

Judgment reversed,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

 

 

JILL FLAGG LANZINGER
FOR THE COURT

HENSAL, J.
CONCURS.

SUTTON, P. J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

ROBERT KOLVEK, pro se, Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.